## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| GREGG SZILAGYI, not individually, but solely as Court-appointed Receiver of Stark Law, LLC, Ashton Asset Management, Inc., CHM Capital Group, LLC, HKM Funding, Ltd., Pacific Capital Holdings, Inc. and Aura Development, Inc., | ) ) ) ) ) ) | **NOTICE OF MOTION OF RECEIVER TO COMPEL COMPLIANCE WITH SUBPOENAS AND FOR RELATED RELIEF** |
| Petitioner, | ) ) ) | |
| vs. | ) ) | No. |
| 6P LLC, BOBALEW LLC (d/b/a BOBALEW VENTURES), ANDREW SHAEVEL, GREGORY GRIGORIAN and HYLAN ASSET MANAGEMENT LLC, | ) ) ) ) ) | |
| Respondents. | ) ) | |

Petitioner Gregg Szilagyi, not individually, but solely in his capacity as receiver ("***Receiver***") of the receivership estate established by order of the United States District Court for the Northern District of Illinois in the civil action styled *Federal Trade Commission and State of Illinois v. Stark Law, LLC, et al.*, No. 16 CV 3463 (Hon. Rebecca R. Pallmeyer, presiding), hereby moves the United States District Court of the Western District of New York at a date, time and place to be determined by this Court ("***Motion***"), pursuant to Federal Rules of Civil Procedure 45(d)(2)(B)(i), 45(g), 37(a)(3)(B), and 37(a)(5)(A), to enter an order (a) compelling compliance with the subpoenas that the Receiver issued to Respondents, 6P LLC, Bobalew LLC, Andrew Shaevel, Gregory Grigorian, and Hylan Asset Management LLC (the "***Respondents***"); (b) finding that Respondents have waived any objections that they may have asserted to the subpoenas; (c) holding Respondents in contempt for failure to respond to the subpoenas; (d) awarding the Receiver his reasonable expenses incurred in making this Motion, including attorney's fees; and (e) granting such other just and appropriate relief.

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

GREGG SZILAGYI, not individually, but
solely as Court-appointed Receiver of Stark
Law, LLC, Stark Legal, LLC, Ashton Asset
Management, Inc., CHM Capital Group,
LLC, HKM Funding, Ltd., Pacific Capital
Holdings, Inc. and Aura Development, Inc.,

        Petitioner,

      vs.

6P LLC, BOBALEW LLC (d/b/a
BOBALEW VENTURES), ANDREW
SHAEVEL, GREGORY GRIGORIAN and
HYLAN ASSET MANAGEMENT LLC,

        Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**NOTICE OF MOTION OF
RECEIVER TO COMPEL
COMPLIANCE WITH SUBPOENAS
AND FOR RELATED RELIEF**

No.

      Petitioner Gregg Szilagyi, not individually, but solely in his capacity as receiver ("***Receiver***") of the receivership estate established by order of the United States District Court for the Northern District of Illinois in the civil action styled *Federal Trade Commission and State of Illinois v. Stark Law, LLC, et al.*, No. 16 CV 3463 (Hon. Rebecca R. Pallmeyer, presiding), hereby moves the United States District Court of the Western District of New York at a date, time and place to be determined by this Court ("***Motion***"), pursuant to Federal Rules of Civil Procedure 45(d)(2)(B)(i), 45(g), 37(a)(3)(B), and 37(a)(5)(A), to enter an order (a) compelling compliance with the subpoenas that the Receiver issued to Respondents, 6P LLC, Bobalew LLC, Andrew Shaevel, Gregory Grigorian, and Hylan Asset Management LLC (the "***Respondents***"); (b) finding that Respondents have waived any objections that they may have asserted to the subpoenas; (c) holding Respondents in contempt for failure to respond to the subpoenas; (d) awarding the Receiver his reasonable expenses incurred in making this Motion, including attorney's fees; and (e) granting such other just and appropriate relief.

In support of the Motion, the Receiver submits the accompanying Memorandum of Law, with exhibits annexed thereto, including the Declaration of David R. Doyle, Esq. (Exhibit 8).

The Receiver intends to file and serve reply papers, if necessary, at a date, time and place to be determined by this Court.

Dated:  December 2, 2016

GROSS, SHUMAN, BRIZDLE
& GILFILLAN, P.C.


By:   s/Robert J. Feldman
Robert J. Feldman, Esq.
Katherine M. Liebner, Esq.
465 Main Street – Suite 600
Buffalo, New York 14203
(716) 854-4300
rfeldman@gross-shuman.com
kliebner@gross-shuman.com

Of Counsel:

SHAW FISHMAN GLANTZ & TOWBIN LLC
Robert M. Fishman (IL 3124316)
Terence G. Banich (IL 6269359)
David R. Doyle (IL 6303215)
321 North Clark Street, Suite 800
Chicago, Illinois 60654

*Attorneys for Gregg Szilagyi, as Permanent Equity
Receiver of Stark Law, LLC, Stark Legal, LLC,
Ashton Asset Management, Inc., CHM Capital
Group, LLC, HKM Funding, Ltd., Pacific Capital
Holdings, Inc., and Aura Development, Inc.*


TO:    LIPPES MATHIAS WEXLER FRIEDMAN LLP
Eric M. Soehnlein, Esq.
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
(716) 853-5100
esoehnlein@lippes.com


Doc #529433.1

2

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| GREGG SZILAGYI, not individually, but solely as Court-appointed Receiver of Stark Law, LLC, Stark Legal, LLC, Ashton Asset Management, Inc., CHM Capital Group, LLC, HKM Funding, Ltd., Pacific Capital Holdings, Inc. and Aura Development, Inc., | ) ) ) ) ) ) ) | |
| Petitioner, | ) ) | No. |
| vs. | ) ) | |
| 6P LLC, BOBALEW LLC (d/b/a BOBALEW VENTURES), ANDREW SHAEVEL, GREGORY GRIGORIAN and HYLAN ASSET MANAGEMENT LLC, | ) ) ) ) ) ) | |
| Respondents. | ) | |

## MOTION OF RECEIVER WITH SUPPORTING MEMORANDUM OF LAW TO COMPEL COMPLIANCE WITH SUBPOENAS

Petitioner Gregg Szilagyi, not individually, but solely in his capacity as receiver (**"Receiver"**) of the receivership estate (**"Receivership Estate"**) established by order of the United States District Court for the Northern District of Illinois (**"Issuing Court"**) in the civil action styled *Federal Trade Commission and State of Illinois v. Stark Law, LLC, et al.*, No. 16 CV 3463 (Hon. Rebecca R. Pallmeyer, presiding) (**"Receivership Case"**), hereby moves the Court (**"Motion"**), pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i), 45(g), 37(a)(3)(B), and 37(a)(5)(A), to enter an order compelling compliance with the subpoenas that the Receiver issued to 6P LLC (**"6P"**), Bobalew LLC (**"Bobalew"**), Andrew Shaevel (**"Shaevel"**), Gregory Grigorian (**"Grigorian"**) and Hylan Asset Management LLC (**"Hylan,"** and collectively, the **"Respondents"**), (b) finding that Respondents have waived any objections that they may have asserted to the subpoenas; (c) holding Respondents in contempt for failure to respond to the subpoenas; (d) awarding the Receiver his reasonable expenses incurred in making this Motion,

including attorney's fees; and (e) grant such other just and appropriate relief. In support of the Motion, the Receiver respectfully states as follows:

## Introduction

The Receiver issued identical subpoenas (defined herein as the "***Subpoenas***") not only to Respondents – but also to over 150 other persons and entities nationwide – pursuant to orders entered by the Issuing Court giving the Receiver wide-ranging authority to investigate the financial affairs of the defendants in the Receivership Case. The Receivership Case is a civil enforcement action commenced by the Federal Trade Commission and the State of Illinois against Stark Law, LLC and other affiliated companies and individuals, in which the government plaintiffs allege that the defendants operated "an unlicensed, fraudulent debt collection scheme that bilked millions of dollars from victims across the country" in violation of the Federal Trade Commission Act, the Illinois Consumer Fraud Act and other federal and state debt collection practices laws. The Issuing Court authorized the Receiver to investigate the defendants by, among other powers, "[i]ssu[ing] subpoenas to obtain documents and records pertaining to the receivership, and conduct[ing] discovery in this action on behalf of the receivership estate." That power is coextensive with the authority that Federal Rule of Bankruptcy Procedure 2004 confers on bankruptcy trustees.

The Receiver served Respondents with the Subpoenas because he believes that they have documents and information pertinent to his investigation. Respondents, however, have completely failed to comply with the Subpoenas; to date, they have not produced a single document. And, moreover, Respondents waived whatever objections that they could have asserted by failing to timely serve the Receiver with written objections to the Subpoenas, as

Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 45(d)(2)(B) requires. The Receiver is therefore entitled to an order compelling the Respondents to comply with the Subpoenas.[1]

## Background

### A.    Allegations against the Defendants

On March 21, 2016, the Federal Trade Commission and the State of Illinois commenced a civil action in the Issuing Court against defendants Stark Law, LLC, Stark Legal, LLC, Ashton Asset Management, Inc., CHM Capital Group, LLC, HKM Funding, Ltd., Pacific Capital Holdings, Inc., Hirsh Mohindra, Gaurav Mohindra and Preetesh Patel ("*Defendants*") alleging that they were operating "an unlicensed, fraudulent debt collection scheme that bilked millions of dollars from victims across the country" in violation of section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b), section 814 of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692*l*, section 7 of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/7, and sections 4 and 9(a) of the Illinois Collection Agencies Act, 225 ILCS 425/4, 9(a). (*Complaint for Permanent Injunction and Other Relief*, at ¶¶ 1-2; copy attached as **Exhibit 1**.)

In brief, the government plaintiffs allege that Defendants violated those laws by: threatening consumers with lawsuits, large judgments and criminal charges if they did not immediately pay payday loan debt that the consumers did not owe; claiming to be a law firm retained to collect the debts and that had been authorized to sue consumers who failed to pay;

---

[1] Because the Issuing Court already understands why the Receiver is conducting his investigation and has issued the Subpoenas, the Receiver does not believe it is necessary – or that judicial economy would require – this Court to ultimately decide the Motion. Fed. R. Civ. P. Rule 45(f) authorizes the compliance court to transfer a subpoena-related motion to the issuing court for resolution. The Receiver believes that transferring the Motion to the Issuing Court makes a great deal of sense, particularly because of the national, multi-district nature of this investigation using the identical subpoena. Accordingly, the Receiver is contemporaneously filing a separate motion asking this Court to transfer the Motion to the Issuing Court pursuant to Rule 45(f).

failing to verify any of the alleged debts they were collecting; and trafficking in counterfeit debt portfolios that they sold to other debt collectors. (Exhibit 1 at ¶¶ 20-87.)

**B.      Appointment of the Receiver**

On March 22, 2016, the Issuing Court entered an *ex parte* temporary restraining order that, among other things, froze Defendants' assets, and appointed Gregg Szilagyi as the temporary federal equity receiver of the corporate defendants ("***Receivership Defendants***"). (*Ex Parte Temporary Restraining Order With Asset Freeze, etc.*, at pp. 11-13, 18-28; copy attached as **Exhibit 2**.) On July 11, 2016, the Issuing Court entered a preliminary injunction that, among other relief, appointed the Receiver to serve on a permanent basis ("***Receivership Order***"). (*Preliminary Injunction With Asset Freeze and Other Equitable Relief*; copy attached as **Exhibit 3**.) Subsequently, on September 29, 2016, the Court entered an order expanding the Receivership Estate to include Aura Development, Inc. (*Order Granting Uncontested Motion of Receiver Gregg Szilagyi to Expand Receivership to Include Aura Development Inc.*, copy attached as **Exhibit 4**.)

The Receivership Order authorized and directed the Receiver to, among other things, (a) assume full control over the Receivership Defendants; (b) take exclusive custody, control and possession of all assets of the Receivership Defendants; and (c) manage and administer the business of the Receivership Defendants until further order of the Court. (Exhibit 3 at pp. 18-28.) To assist the Receiver in carrying out these duties, the Receivership Order authorizes the Receiver to "[i]ssue subpoenas to obtain documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate." (*Id.* at 21.)  The Court granted the Receiver authority to seek discovery on an expedited basis, permitting him to obtain production of documents on five (5) days' notice.  (*Id.* at 32.)

C.     The Receiver's investigation and extent of his subpoena powers

Since his appointment, the Receiver and his professionals have investigated Defendants' financial affairs, particularly their transfers of money to themselves, their insiders, affiliates and third parties. The Receiver's investigation into Defendants' financial affairs revealed a myriad of dealings with hundreds of third parties with respect to the purchase and/or sale of alleged debt portfolios, the collection of such portfolios and joint ventures to conduct such actions, but because the Receiver has found little documentation or financial records to evidence or explain the details of those dealings, he has had to seek such evidence from third parties. The Subpoena is the Receiver's principal investigative tool for doing so. The Receiver issued an identical subpoena to over 150 respondents in 27 federal judicial districts, five of whom are the Respondents.

Because certain subpoena respondents had contended that the documents and information the Receiver sought were not relevant, and that the subpoenas he issued were overly broad, the Receiver asked the Issuing Court to clarify that the subpoena authority conferred upon him by the Receivership Order is coextensive with the broad investigatory powers that bankruptcy trustees may invoke under Federal Rule of Bankruptcy Procedure 2004(b). The Issuing Court agreed with the Receiver, entering an order ("*Clarification Order*") stating that:

> by empowering [the Receiver] to "[i]ssue subpoenas to obtain documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate" (Receivership Order at p. 21, ¶ 14), it was the Court's intent to authorize and empower the Receiver to issue and serve discovery and subpoenas on persons or entities for the production of documents or for oral examination relating to the acts, conduct, property, assets, liabilities and financial condition of the defendants and other entities that are now or may later by placed in receivership, or to any matter that affects the administration of the receivership estate, such that the Receiver's investigatory powers are coextensive with the authority that Federal Rule of Bankruptcy Procedure 2004(b) grants to a bankruptcy trustee.

5

*(Order Granting Motion of Receiver Gregg Szilagyi to Clarify Extent of His Authority to Issue and Serve Discovery and Subpoenas on Persons and Entities Regarding Receivership Estate*, at ¶ 2; copy attached as **Exhibit 5**.)

### D.     The Subpoenas to Respondents; their failure to respond

The Receiver caused subpoenas for production of documents to be issued to the Respondents ("*Subpoenas*"), which are attached hereto as **Exhibit 6** and detailed in the following chart. Proof of service is attached hereto as **Exhibit 7**. Pursuant to the expedited discovery provisions of the Receivership Order, the subpoena stated that respondents must produce responsive documents within five days. However, the Receiver did not actually insist that any Respondent comply within five days. Instead, he gave each Respondent approximately 14 days following service—i.e., the larger of the time periods specified in Rule 45(d)(2)(B)—to produce documents.

| Respondent | Address | Date of Issuance | Date of Service | 14-day Objection Deadline |
|---|---|---|---|---|
| 6P | 25 Viscount Drive Williamsville, NY 14221 | Aug. 26, 2016 | Sept. 6, 2016 | Sept. 20, 2016 |
| Bobalew | 5477 Main Street Amherst, NY 14221 | Sept. 1, 2016 | Sept. 9, 2016 | Sept. 23, 2016 |
| Shaevel | 5477 Main Street Amherst, NY 14221 | Sept. 1, 2016 | Sept. 9, 2016 | Sept. 23, 2016 |
| Grigorian | 5477 Main Street Amherst, NY 14221 | Sept. 1, 2016 | Sept. 9, 2016 | Sept. 23, 2016 |
| Hylan | 5477 Main Street Amherst, NY 14221 | Oct. 11, 2016 | Oct. 24, 2016 | Nov. 8, 2016 |

The Respondents have failed to produce, object or otherwise respond to the Subpoenas by the objection deadlines specified above, or since then.

### Argument

The Court should compel the Respondents to comply with the Subpoenas. Rule 45 of the Federal Rules of Civil Procedure provides that "a command in a subpoena to produce documents

... requires the responding person to permit inspection, copying, testing or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D). A subpoena is not a mere request that can be disregarded. To the contrary, "a subpoena issued under Rule 45 is a court order that compels compliance absent some other valid objection." *Federal Trade Comm'n v. Trudeau*, No. 03 C 3904, 2013 WL 842599, at \*4 (N.D. Ill. Mar. 5, 2013); *Martin v. Neil*, No. 08-CV-1311NG JO, 2009 WL 1161009, at \*1 (E.D.N.Y. Apr. 28, 2009) ("A subpoena is a court order that requires the recipient to provide specified information."). The court for the district where compliance is required is authorized to compel a respondent to comply with a subpoena. Fed. R. Civ. P. 45(d)(2)(B)(i) ("At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection."). As the Subpoenas to Respondents required compliance within this federal district, this Court is the "compliance court."

To object to a subpoena, Rule 45 provides that the respondent "may serve on the party or the attorney designated in the subpoena a written objection ... The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B); *accord In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998) ("Rule 45 contemplates assertion of all objections to document production within 14 days"). Failing to serve written objections within the 14-day time period generally operates as a waiver. *See, e.g., Sheet Metal Workers' Nat'l Pension Fund v. Amodeo*, No. 09CV0121SJFARL, 2016 WL 3080807, at \*6 (E.D.N.Y. May 27, 2016) ("[t]he fourteen day time limitation to serve written objections to a subpoena is crucial as failure to do so typically constitutes a waiver of such objections"), *appeal dismissed* (Oct. 7, 2016); *Samad Bros. v. Bokara Rug Co. Inc.*, No. 09 CIV. 5843 JFK KNF, 2010 WL 5094344, at \*2 (S.D.N.Y. Nov. 30, 2010) ("The failure to serve

7

written objections to a subpoena within the time specified by Rule 45(c)(2)(B) typically constitutes a waiver of such objections, unless the party commanded to produce documents can show that its failure was occasioned by 'unusual circumstances' and 'good cause' for the failure exists").

In this case, Respondents simply failed to produce *anything* in response to the Subpoenas. Moreover, Respondents also neglected to serve written objections to the Subpoenas. Soon after the Subpoenas were served, the lawyer who represents all of the Respondents requested an extension of the deadline to respond – to which the Receiver agreed – and stated that he would email the Receiver's counsel proposing certain limits on the scope of his clients' production obligations. (A copy of the correspondence with Respondents' counsel is attached to **Exhibit 8**, the Declaration of David Doyle, Esq., as **Exhibit 1**)) He never did. Accordingly, counsel for the Receiver requested that Respondents comply with the Subpoenas as issued by September 21, 2016. That date came and went, yet Respondents produced nothing. They still have not done so.

Given Respondents' wholesale failure to obey the Subpoenas and their waiver of any objections thereto, the Court should grant the Motion. *See, e.g., Sheet Metal Workers' Nat'l Pension Fund*, 2016 WL 3080807, at *7 (subpoena respondent who failed to serve written objections within 14-day time period waived any objections that the subpoena "was unduly burdensome, overbroad, or otherwise"); *In re Parikh*, 397 B.R. 518, 525 (Bankr. E.D.N.Y. 2008) (subpoena respondent's motion for the protective order was untimely because it was filed more than sixty days after the 14-day period in Rule 45 had expired); *In re Corso*, 328 B.R. 375, 384 (E.D.N.Y. 2005) (subpoena respondent that had made "absolutely no attempt" to "properly object to a subpoena" within the time limit imposed by Rule 45 had waived its right to make

objections to the subpoena, and respondent's late assertions that it did not have to respond to the subpoena because it was unduly burdensome and overbroad were "totally untimely").

### Conclusion

For all of these reasons, the Receiver respectfully requests that the Court: (i) grant the Motion; (ii) compel the Respondents to comply with the Subpoenas; (iii) find that Respondents have waived any objections that they may have asserted to the Subpoenas; (iv) holding Respondents in contempt for failure to respond to the Subpoenas; (v) awarding the Receiver his reasonable expenses incurred in making this Motion, including attorneys' fees; and (vi) grant such other just and appropriate relief.

Dated:  December 2, 2016

**GROSS, SHUMAN, BRIZDLE
& GILFILLAN, P.C.**

By:   s/Robert J. Feldman
Robert J. Feldman, Esq.
Katherine M. Liebner, Esq.
465 Main Street  – Suite 600
Buffalo, New York 14203
(716) 854-4300
rfeldman@gross-shuman.com
kliebner@gross-shuman.com

Of Counsel:

SHAW FISHMAN GLANTZ & TOWBIN LLC
Robert M. Fishman (IL 3124316)
Terence G. Banich (IL 6269359)
David R. Doyle (IL 6303215)
321 North Clark Street, Suite 800
Chicago, Illinois 60654

*Attorneys for Gregg Szilagyi, as Permanent Equity
Receiver of Stark Law, LLC, Stark Legal, LLC,
Ashton Asset Management, Inc., CHM Capital
Group, LLC, HKM Funding, Ltd., Pacific Capital
Holdings, Inc., and Aura Development, Inc.*