60. In fact, the consumers listed in those portfolios that Defendants have marketed, distributed, and sold did not owe the purported debts, and collectors that obtained those portfolios did not have the right to collect those purported debts.

61. By making the representations in Paragraph 59, Defendants placed in the hands of debt collectors the means and instrumentalities by and through which they may mislead consumers regarding their debt obligations.

62. Therefore, Defendants' representations, as set forth in Paragraph 59 of this Complaint are false or misleading, and constitute deceptive acts and practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

### Count Three by Plaintiff FTC

*Distribution of Counterfeit Debt Portfolios for Collection*

63. In numerous instances, Defendants' actions in distributing and selling counterfeit debt portfolios, as described in Paragraphs 43 through 46, have caused or are likely to have caused substantial injury to consumers that consumers cannot reasonably avoid themselves and that is not outweighed by countervailing benefits to consumers or competition.

64. Therefore, Defendants' actions, as described above, constitute unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. §§ 45(a) and (n).

### **VIOLATIONS OF THE FDCPA**

65. In 1977, Congress passed the FDCPA, 15 U.S.C. §§ 1692-1692p, which became effective on March 20, 1978, and has been in force since that date. Section 814 of the FDCPA, 15 U.S.C. § 1692*l*, provides that a violation of the FDCPA shall be deemed an unfair or deceptive act or practice in violation of the FTC Act.

66.     Defendants Stark Law, Stark Legal, Ashton, CHM Capital, HKM Funding, and Pacific Capital Holdings (hereinafter collectively referred to as the "FDCPA Defendants") are "debt collectors" as defined by Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

67.     A "consumer," as defined in Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3), "means any natural person obligated or allegedly obligated to pay any debt."

68.     A "debt," as defined in Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5), "means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

69.     The term "location information," as defined in Section 803(7) of the FDCPA, 15 U.S.C. § 1692a(7), means "a consumer's place of abode and his telephone number at such place, or his place of employment."

<b>Count Four by Plaintiff FTC</b>

<i>Prohibited Communications with Third Parties to Acquire Location Information</i>

70.     In numerous instances, in connection with the collection of debts, FDCPA Defendants have communicated with persons other than the consumer for the purpose of acquiring location information about the consumer and engaged in conduct prohibited by Section 804 of the FDCPA, 15 U.S.C. § 1692b, including, but not limited to, by:

   A.   Stating that such consumer owes a debt, in violation of Section 804(2) of the FDCPA, 15 U.S.C. § 1692b(2); and

   B.   Communicating with any such person more than once, in violation of Section 804(3) of the FDCPA, 15 U.S.C. § 1692b(3).

### Count Five by Plaintiff FTC

*Prohibited Communications with Consumers Generally*

71. In numerous instances, in connection with the collection of debts, without having obtained directly the prior consent of the consumer or the express permission of a court of competent jurisdiction, FDCPA Defendants have communicated with consumers (a) when FDCPA Defendants knew the consumer is represented by an attorney with respect to such debt and had knowledge of, or could have readily ascertained, such attorney's name and address; or (b) at consumers' places of employment when FDCPA Defendants knew, or had reason to know, that consumers' employers prohibited consumers from receiving such communications, in violation of Section 805(a) of the FDCPA, 15 U.S.C. § 1692c(a).

### Count Six by Plaintiff FTC

*Prohibited Communications with Third Parties*

72. In numerous instances, in connection with the collection of debts, FDCPA Defendants have communicated with persons other than the consumer, the consumer's attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, the attorney of the debt collector, the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator for purposes other than acquiring location information about a consumer, without having obtained directly the prior consent of the consumer or the express permission of a court of competent jurisdiction, and when not reasonably necessary to effectuate a postjudgment judicial remedy, in violation of Section 805(b) of the FDCPA, 15 U.S.C. § 1692c(b).

### Count Seven by Plaintiff FTC

*Harassing and Abusive Conduct*

73. In numerous instances, in connection with the collection of debts, FDCPA Defendants have engaged in conduct the natural consequence of which is to harass, oppress, or abuse the consumer, in violation of Section 806 of the FDCPA, 15 U.S.C. § 1692d, including, but not limited to, by causing a telephone to ring or engaging a person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass a person at the called number, in violation of Section 806(5) of the FDCPA, 15 U.S.C. § 1692d(5).

### Count Eight by Plaintiff FTC

*False, Deceptive, or Misleading Representations to Consumers*

74. In numerous instances, in connection with the collection of debts, FDCPA Defendants have used false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e, including, but not limited to:

    A. Falsely representing the character, amount, or legal status of any debt, in violation of Section 807(2)(A) of the FDCPA, 15 U.S.C. § 1692e(2)(A);

    B. Falsely representing or implying that nonpayment of any debt will result in the arrest or imprisonment of any person when such action is not lawful, in violation of Section 807(4) of the FDCPA, 15 U.S.C. § 1692e(4);

    C. Threatening to take an action that is not lawful or that FDCPA Defendants do not intend to take for failure to pay a private debt, such as the taking of formal legal action against a consumer, in violation of Section 807(5) of the FDCPA, 15 U.S.C. § 1692e(5); and

D. Falsely representing or implying that a consumer committed a crime or other conduct, in violation of Section 807(10) of the FDCPA, 15 U.S.C. § 1692e(10).

### Count Nine by Plaintiff FTC

*Failure to Provide a Validation Notice*

75. In numerous instances, in connection with the collection of debts, FDCPA Defendants have failed to provide consumers, either in the initial communication with a consumer or in a written notice sent within five days after the initial communication, with statutorily-required information about the debt and the right to dispute the debt, in violation of Section 809(a) of the FDCPA, 15 U.S.C. § 1692g(a).

## VIOLATIONS OF ILLINOIS STATE LAWS

76. The Illinois Attorney General believes this action to be in the public interest and brings this lawsuit pursuant to Section 7 of the Illinois Consumer Fraud Act.

77. Section 2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, prohibits unfair or deceptive acts or practices.

78. Misrepresentations or the deceptive omissions of a material fact, with the intent that consumers rely, constitute unlawful acts or practices within the meaning of Section 2 of the Illinois Consumer Fraud Act.

### Count Ten by Plaintiff State of Illinois

*Illinois Consumer Fraud Act Violations*

79. Plaintiff State of Illinois re-alleges and incorporates by reference, each and every allegation in the foregoing paragraphs of this Complaint.

80. While engaged in trade or commerce, Defendants have committed unfair and/or deceptive acts or practices declared unlawful under Section 2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, by:

   A. Falsely claiming that consumers owed debts with intent that consumers rely on these misrepresentations when, in truth and in fact, consumers did not owe the debts claimed;

   B. Collecting falsely claimed debts from consumers;

   C. Failing to refund falsely claimed debts unlawfully collected from consumers;

   D. Using licensed attorneys to falsely represent that Defendants have filed or will file lawsuits against consumers;

   E. Misrepresenting the true identity of non-attorney debt collector callers to consumers with intent that consumers rely on these misrepresentations, instead requiring such callers to use aliases;

   F. Falsely representing that Defendants are a law firm when, in truth and in fact, Defendants are a debt collector; and

   G. Distributing and selling counterfeit debt portfolios in trade or commerce, as described in Paragraphs 43 through 46, constitutes an unfair practice that violates public policy, has foreseeable and unlawful consequences that are so oppressive as to leave consumers with little alternative except to submit to them and injures or threatens injury to consumers.

## Count Eleven by Plaintiff State of Illinois

### *Illinois Collection Agency Act Violations*
### *(Against the ICAA Defendants)*

81. Plaintiff State of Illinois re-alleges and incorporates by reference, each and every allegation in the foregoing paragraphs of this Complaint.

82. The ICAA Defendants are not a licensed collection agency, in that in the ordinary course of business the ICAA Defendants engage in the collection of debt in Illinois, as defined in Section 2 of the Illinois Collection Agency Act, 225 ILCS 425/2.

83. The ICAA Defendants violated Section 4 of the Illinois Collection Agency Act, 225 ILCS 425/4, by acting as a collection agency without being licensed;

84. The ICAA Defendants violated Section 9(a) of the Illinois Collection Agency Act, 225 ILCS 425/9(a), by:

    A. Threatening to instigate arrest or criminal prosecution where no basis for a criminal complaint lawfully exists, in violation of 225 ILCS 425/9(a)(15);

    B. Initiating or threatening to initiate communication with a debtor's employer before timely written notice has been given to the debtor of the ICAA Defendants' intention to communicate with the debtor's employer, in violation of 225 ILCS 425/9(a)(18);

    C. Communicating with the debtor or any member of the debtor's family at such a time of day or night and with such frequency as to constitute harassment of the debtor or any member of the debtor's family, in violation of 225 ILCS 425/9(a)(19);

    D. Disclosing or threatening to disclose information relating to a debtor's debt to any other person except where such other person has a legitimate business need

for the information or except where such disclosure is permitted by law, in violation of 225 ILCS 425/9(a)(21);

E. Disclosing or threatening to disclose information concerning the existence of a debt which the collection agency knows to be reasonably disputed by the debtor without disclosing the fact that the debtor disputes the debt, in violation of 225 ILCS 425/9(a)(22);

F. Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist, in violation of 225 ILCS 425/9(a)(24);

G. Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud or harm the public, in violation of 225 ILCS 425/9(a)(35).

## CONSUMER INJURY

85. Consumers have suffered and will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act, the FDCPA, and the laws of the State of Illinois. In addition, Defendants have been unjustly enriched as a result of their unlawful acts or practices. Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

86. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and Section 814(a) of the FDCPA, 15 U.S.C. § 1692*l*(a), empower this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC. The Court, in the exercise of its equitable jurisdiction, may award ancillary relief,

including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies, to prevent and remedy any violation of any provision of law enforced by the FTC.

87. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction to allow Plaintiff State of Illinois to enforce its state law claims against Defendants in this Court for violations of the Illinois Consumer Fraud Act and the Illinois Collection Agency Act. Section 9.7 of the Illinois Collection Agency Act, 225 ILCS 425/9.7, with certain limited exceptions not applicable here, provides for enforcement by the Illinois Attorney General of knowing violations of Section 9 of the Illinois Collection Agency Act as unlawful practices under the Consumer Fraud Act. *See* 225 ILCS 425/9.7. Section 7 of the Illinois Consumer Fraud Act authorizes this Court to grant relief, including but not limited to injunctive relief, civil penalties, restitution, costs, and such other relief the Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff FTC, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and Section 814(a) of the FDCPA, 15 U.S.C. § 1692*l*(a), and Plaintiff State of Illinois, pursuant to 815 ILCS 505/7, and pursuant to the Court's supplemental jurisdiction, 28 U.S.C. § 1367, and the Court's own equitable powers, requests that the Court:

A. Award Plaintiffs such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief, including, but not limited to, temporary and preliminary injunctions, an order freezing assets, immediate access, and the appointment of a receiver;

  B. Enter judgment against Defendants and in favor of Plaintiffs for each violation alleged in this complaint;

  C. Enter a permanent injunction to prevent future violations by Defendants of the FTC Act, the FDCPA, and the Illinois Consumer Fraud Act, 815 ILCS 505/1;

  D. Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act, the FDCPA, and the Illinois Consumer Fraud Act, 815 ILCS 505/7, including, but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies;

  E. Require Defendants to pay a civil penalty in the amount of $50,000 for each violation of the Illinois Consumer Fraud Act and an additional penalty of $50,000 for each violation the Court finds that Defendants committed with the intent to defraud, pursuant to 815 ILCS 505/7(b);

  F. Require Defendants to pay an additional civil penalty of $10,000 for each violation of the Illinois Consumer Fraud Act found to have been committed against a senior citizen, pursuant to 815 ILCS 505/7(c); and

  G. Award Plaintiffs the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

//

//

//

//

//

Dated: March 21, 2016

                                                Respectfully submitted,

**FOR PLAINTIFF**                          **FOR PLAINTIFF**
**FEDERAL TRADE COMMISSION**     **STATE OF ILLINOIS**

DAVID C. SHONKA                   LISA MADIGAN
Acting General Counsel              Attorney General

*/s/ William J. Hodor*                    */s/ Erin Grotheer*

WILLIAM J. HODOR                 ERIN GROTHEER
JOHN C. HALLERUD               KIMBERLY SLIDER
Federal Trade Commission         THOMAS P. JAMES
Midwest Region                       Office of the Illinois Attorney General
55 West Monroe Street, Suite 1825    100 West Randolph Street
Chicago, Illinois 60603              Chicago, Illinois 60601
(312) 960-5634 [telephone]         (312) 814-8966 [telephone]
(312) 960-5600 [facsimile]          (312) 814-2593 [facsimile]
whodor@ftc.gov [e-mail, Hodor]     egrotheer@atg.state.il.us [e-mail, Grotheer]
jhallerud@ft.gov [e-mail, Hallerud]   kslider@atg.state.il.us [e-mail, Slider]
                                          tjames@atg.state.il.us [e-mail, James]

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION     Attorneys for Plaintiff
                                          STATE OF ILLINOIS

# EXHIBIT 2



# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, and | ) |
| | ) |
| STATE OF ILLINOIS, | ) |
| | ) |
| Plaintiffs, | ) Case No. 1:16-cv-3463 |
| | ) |
| v. | ) Judge Rebecca R. Pallmeyer |
| | ) |
| STARK LAW, LLC, an Illinois limited liability company, also doing business as STARK RECOVERY; | ) Magistrate Judge Sheila M. Finnegan |
| | ) |
| STARK LEGAL, LLC, an Illinois limited liability company; | ) |
| | ) |
| ASHTON ASSET MANAGEMENT, INC., an Illinois corporation; | ) |
| | ) |
| CHM CAPITAL GROUP, LLC, an involuntarily dissolved Illinois limited liability company, also doing business as CAPITAL HARRIS MILLER & ASSOCIATES; | ) |
| | ) |
| HKM FUNDING, LTD., an involuntarily dissolved Illinois corporation, in its capacity as manager of CHM CAPITAL GROUP, LLC; | ) |
| | ) |
| PACIFIC CAPITAL HOLDINGS, INC., an Illinois corporation, formerly known as CHARLES HUNTER MILLER & ASSOCIATES, INC., and also doing business as PACIFIC CAPITAL; | ) |
| | ) |
| HIRSH MOHINDRA, individually, as an owner, officer, director, member, and/or manager of STARK LEGAL, LLC, ASHTON ASSET MANAGEMENT, INC., CHM CAPITAL GROUP, LLC, HKM FUNDING, LTD., and PACIFIC CAPITAL HOLDINGS, INC., and also doing business as ASHTON LENDING, LLC; | ) |
| | ) |
| GAURAV MOHINDRA, individually, and as an | ) |

owner, member, and/or manager of STARK LAW, )
LLC, and STARK LEGAL, LLC; and )
)
PREETESH PATEL, individually, and as an owner )
and/or manager of ASHTON ASSET )
MANAGEMENT, INC., CHM CAPITAL GROUP, )
LLC, HKM FUNDING, LTD., and PACIFIC )
CAPITAL HOLDINGS, INC.; )
)
        Defendants. )
)

## *EX PARTE* TEMPORARY RESTRAINING ORDER WITH ASSET FREEZE, APPOINTMENT OF A RECEIVER, OTHER EQUITABLE RELIEF, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

Plaintiffs, Federal Trade Commission ("FTC" or "Commission") and State of Illinois, having filed their Complaint for Permanent Injunction and Other Equitable Relief in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), Section 814 of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692*l*, Section 7 of the Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act"), 815 ILCS 505/7, and Section 9.7 of the Illinois Collection Agency Act, 225 ILCS 425/9.7, and having moved *ex parte* for a temporary restraining order and other relief pursuant to Rule 65 of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 65, and the Court having considered the Complaint, *ex parte* application, declarations, exhibits, and memorandum of law filed in support thereof, and now being advised in the premises, finds that:

1.     This Court has jurisdiction over the subject matter of this case, and there is good cause to believe it will have jurisdiction over the parties;

2.     Venue lies properly with this Court;

3.     There is good cause to believe that Defendants Stark Law, LLC, also doing business as Stark Recovery; Stark Legal, LLC; Ashton Asset Management, Inc.; CHM Capital

Group, LLC, also doing business as Capital Harris Miller & Associates; HKM Funding, Ltd.; Pacific Capital Holdings, Inc., formerly known as Charles Hunter Miller & Associates, Inc., and also doing business as Pacific Capital; Hirsh Mohindra; Gaurav Mohindra; and Preetesh Patel (hereinafter collectively referred to as "Defendants") have engaged in, and are likely to engage in the future in, acts and practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a); the FDCPA, 15 U.S.C. §§ 1692-1692p; and Section 2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, and that Plaintiffs are therefore likely to prevail on the merits of this action;

4. There is also good cause to believe that Defendants Stark Law, LLC, also doing business as Stark Recovery; Stark Legal, LLC; Ashton Asset Management, Inc.; CHM Capital Group, LLC, also doing business as Capital Harris Miller & Associates; HKM Funding, Ltd.; Pacific Capital Holdings, Inc., formerly known as Charles Hunter Miller & Associates, Inc., and also doing business as Pacific Capital; Hirsh Mohindra; and Preetesh Patel have engaged in, and are likely to engage in the future in, violations of Sections 4 and 9(a) of the Illinois Collection Agency Act, 225 ILCS 425/4 and 425/9(a), and that Plaintiff State of Illinois is therefore likely to prevail on the merits of this action;

5. There is good cause to believe that consumers will suffer immediate and continuing harm from Defendants' ongoing violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a); the FDCPA, 15 U.S.C. §§ 1692-1692p; Section 2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2; and Sections 4 and 9(a) of the Illinois Collection Agency Act, 225 ILCS 425/4 and 425/9(a), unless Defendants are restrained and enjoined by Order of this Court;

6. There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary restitution will occur from the sale, transfer, assignment, or other disposition or concealment by Defendants

of their assets or corporate records unless Defendants are immediately restrained and enjoined by Order of this Court. Therefore, there is good cause for relieving Plaintiffs of the duty to provide Defendants with prior notice of Plaintiffs' motion and for entry of the ancillary relief contained in this Order, including an asset freeze and the appointment of a temporary receiver over the Corporate Defendants;

7.  There is good cause for issuing this Order pursuant to Federal Rule of Civil Procedure 65(b), Fed. R. Civ. P. 65(b);

8.  Weighing the equities and considering Plaintiffs' likelihood of ultimate success, a temporary restraining order with asset freeze, appointment of a receiver, other equitable relief, and order to show cause why a preliminary injunction should not issue is in the public interest; and

9.  No security is required of any agency of the United States for issuance of a temporary restraining order. Fed. R. Civ. P. 65(c).

## DEFINITIONS

For purposes of this Temporary Restraining Order ("Order"), the following definitions shall apply:

1.  **"Asset"** or **"Assets"** means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes," (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

2.  **"Consumer"** means any person.