3. **"Corporate Defendants"** means Defendants Stark Law, LLC, also doing business as Stark Recovery; Stark Legal, LLC; Ashton Asset Management, Inc.; CHM Capital Group, LLC, also doing business as Capital Harris Miller & Associates; HKM Funding, Ltd., in its capacity as manager of CHM Capital Group, LLC; and Pacific Capital Holdings, Inc., formerly known as Charles Hunter Miller & Associates, Inc., and also doing business as Pacific Capital, and by whatever other names they may be known, and their successors and assigns, as well as any subsidiaries, affiliates, and any fictitious business entities or business names created or used by these entities, or any of them.

4. **"Debt"** means any obligation or alleged obligation to pay money arising out of a transaction, whether or not such obligation has been reduced to judgment.

5. **"Defendants"** means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

6. **"Document"** or **"Documents"** means any materials listed in Federal Rule of Civil Procedure 34(a), Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

7. **"Financial Institution"** means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

8. **"Individual Defendants"** means Defendants Hirsh Mohindra, Gaurav Mohindra, and Preetesh Patel, and by whatever other names each may be known.

9. **"Person"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

10. **"Plaintiffs"** means the Federal Trade Commission and State of Illinois.

11. **"Receivership Defendants"** means the Corporate Defendants, as well as any other business related to Defendants' debt collection business and which the Receiver has reason to believe is owned or controlled in whole or in part by any Defendant.

## I.

## PROHIBITED DEBT COLLECTION ACTIVITIES

**IT IS THEREFORE ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, in connection with the collection or the attempted collection of any debt, are hereby temporarily restrained and enjoined from:

    A. Misrepresenting, or assisting others in misrepresenting, directly or indirectly, expressly or by implication, any material fact, including, but not limited to:

        1. That the consumer is delinquent on a payday loan or other debt that any Defendant has the authority to collect;

        2. That the consumer has a legal obligation to pay any Defendant;

  3. That the non-payment of a purported debt has resulted, or will result, in Defendants, or any other person, taking any action against the consumer that Defendants have no authority to take, such as the consumer being "charged" with "defrauding a financial institution" or "passing a bad check";

  4. That non-payment of a purported debt will result in a consumer's arrest or imprisonment;

  5. That any Defendant or any other person has taken, intends to take, or has authority to take formal legal action against a consumer who fails to pay a purported debt; and

  6. The character, amount, or legal status of a debt;

B. Communicating with persons other than a consumer for the purpose of acquiring location information about the consumer and:

  1. Stating that such consumer owes a debt; or

  2. Communicating with any such person more than once unless requested to do so by such person or unless Defendants reasonably believe that the earlier response of such person was erroneous or incomplete and that such person now has correct or complete location information;

C. Communicating with a consumer when Defendants know the consumer is represented by an attorney with respect to the consumer's debt, and Defendants have knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from Defendants or unless the attorney consents to direct communication with the consumer;

7

   D. Communicating with consumers at their places of employment when Defendants know, or have reason to know, that consumers' employers prohibit consumers from receiving such communications;

   E. Communicating with any person other than the consumer, the consumer's attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, the attorney of the debt collector, the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator for purposes other than acquiring location information about a consumer, without having obtained directly the prior consent of the consumer or the express permission of a court of competent jurisdiction, and when not reasonably necessary to effectuate a postjudgment judicial remedy;

   F. Causing a telephone to ring or engaging a person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass a person at the called number; and

   G. Failing to provide consumers, within five days after the initial communication with a consumer, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by Defendants; (4) a statement that if the consumer notifies Defendants in writing within the thirty-day period that the debt, or any portion thereof, is disputed, Defendants will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by Defendants; and (5) a statement that, upon the consumer's written request within the thirty-day period, Defendants will provide

the consumer with the name and address of the original creditor, if different from the current creditor;

    H.    Violating, or assisting others in violating, Section 2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, including by:

        1.    Falsely claiming that consumers owe debts with intent that consumers rely on those representations;

        2.    Collecting falsely claimed debts from consumers;

        3.    Failing to refund falsely claimed debts unlawfully collected from consumers;

        4.    Using licensed attorneys to falsely represent that Defendants have filed or will file lawsuits against consumers;

        5.    Misrepresenting the true identity of non-attorney debt collector callers to consumers with intent that consumers rely on these misrepresentations; and

        6.    Falsely representing that Defendants are a law firm; and

    I.    Violating, or assisting others in violating, Sections 4 and 9(a) of the Illinois Collection Agency Act, 225 ILCS 425/4 and 425/9(a), including by:

        1.    Acting as a collection agency without being licensed;

        2.    Threatening to instigate arrest or criminal prosecution where no basis for a criminal complaint lawfully exists;

        3.    Initiating or threatening to initiate communication with a debtor's employer before timely written notice has been given to the debtor of Defendants' intention to communicate with the debtor's employer;

4. Communicating with the debtor or any member of the debtor's family at such a time of day or night and with such frequency as to constitute harassment of the debtor or any member of the debtor's family;

5. Disclosing, or threatening to disclose, information relating to a debtor's debt to any other person except where such other person has a legitimate business need for the information or except where such disclosure is permitted by law;

6. Disclosing, or threatening to disclose, information concerning the existence of a debt which Defendants know to be reasonably disputed by the debtor without disclosing the fact that the debtor disputes the debt;

7. Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist; and

8. Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud or harm the public.

## II.

### OTHER PROHIBITED PRACTICES

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, in connection with the marketing, distribution, and sale of debt portfolios, are hereby temporarily restrained and enjoined from:

A.  Marketing, distributing, or selling debt portfolios that list loans that the lenders have not, in fact, made to the consumers identified in such portfolios, or that Defendants have not purchased, or otherwise obtained, any rights to collect; and

B.  Otherwise providing others with the means and instrumentalities to misrepresent, or to assist others in misrepresenting, directly or indirectly, expressly or by implication, that consumers owe unpaid debts or that a debt collector has obtained the right to collect a debt from a consumer.

## III.

## ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, except as provided herein, as stipulated by the parties, or as directed by further Order of the Court, are hereby temporarily restrained and enjoined from:

A.  Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, shares of stock, lists of consumer names, or other assets, or any interest therein, wherever located, including outside the territorial United States, that are:

   1.  Owned, controlled, or held by, in whole or in part, for the benefit of, or subject to access by, or belonging to, any Defendant;

   2.  In the actual or constructive possession of any Defendant; or

3. In the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, or belonging to, any other corporation, partnership, trust, or any other entity directly or indirectly owned, managed, or controlled by, or under common control with, any Defendant, including, but not limited to, any assets held by or for any Defendant in any account at any bank or savings and loan institution, or with any credit card processing agent, automated clearing house processor, network transaction processor, bank debit processing agent, customer service agent, commercial mail receiving agency, or mail holding or forwarding company, or any credit union, retirement fund custodian, money market or mutual fund, storage company, trustee, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, or other financial institution or depository of any kind, either within or outside the territorial United States;

B. Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Defendant, or subject to access by any Defendant or under any Defendant's control, without providing the Commission prior notice and an opportunity to inspect the contents in order to determine that they contain no assets covered by this Section;

C. Cashing any checks or depositing or processing any payments from customers of Defendants;

D. Incurring charges or cash advances on any credit card issued in the name, singly or jointly, of any Defendant; or

E. Incurring liens or encumbrances on real property, personal property, or other assets in the name, singly or jointly, of any Defendant or of any corporation, partnership, or other

12

entity directly or indirectly owned, managed, or controlled by any Defendant.

Notwithstanding the asset freeze provisions of Section III.A through E above, and subject to prior written agreement with the Commission, Individual Defendants may, upon compliance with Section V (Financial Statements and Accounting) *infra*, pay from their individual personal funds reasonable, usual, ordinary, and necessary living expenses.

The funds, property, and assets affected by this Section shall include both existing assets and assets acquired after the effective date of this Order.

## IV.

### DUTIES OF THIRD PARTIES HOLDING DEFENDANTS' ASSETS

**IT IS FURTHER ORDERED** that any financial institution, business entity, or person maintaining or having custody or control of any account or other asset of any Defendant, or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by, or under common control with any Defendant, which is served with a copy of this Order, or otherwise has actual or constructive knowledge of this Order, shall:

A. Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of any of the assets, funds, documents, or other property held by, or under its control:

1. On behalf of, or for the benefit of, any Defendant or any other party subject to Section III above;

2. In any account maintained in the name of, or for the benefit of, or subject to withdrawal by, any Defendant or other party subject to Section III above; and

13

        3.      That are subject to access or use by, or under the signatory power of, any Defendant or other party subject to Section III above;

    B.      Deny Defendants access to any safe deposit boxes or storage facilities that are either:

        1.      Titled in the name, individually or jointly, of any Defendant, or other party subject to Section III above; or

        2.      Subject to access by any Defendant or other party subject to Section III above;

    C.      Provide Plaintiffs, within five (5) days of the date of service of this Order, a sworn statement setting forth:

        1.      The identification number of each account or asset titled in the name, individually or jointly, of any Defendant, or held on behalf of, or for the benefit of, any Defendant or other party subject to Section III above, including all trust accounts managed on behalf of any Defendant or subject to any Defendant's control;

        2.      The balance of each such account, or a description of the nature and value of such asset;

        3.      The identification and location of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Defendant, or is otherwise subject to access or control by any Defendant or other party subject to Section III above, whether in whole or in part; and

        4.      If the account, safe deposit box, storage facility, or other asset has been closed or removed, the date closed or removed and the balance on said date;

D.  Within five (5) days of a request from any Plaintiff, provide Plaintiffs copies of all records or other documents pertaining to each such account or asset, including, but not limited to, originals or copies of account applications, account statements, corporate resolutions, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; and

E.  This Section shall apply to existing accounts and assets, assets deposited or accounts opened after the effective date of this Order, and any accounts or assets maintained, held or controlled three years prior to the effective date of this Order. This Section shall not prohibit transfers in accordance with any provision of this Order, any further order of the Court, or by written agreement of the parties.

V.

**FINANCIAL STATEMENTS AND ACCOUNTING**

**IT IS FURTHER ORDERED** that no later than five (5) business days after service of this Order, each Defendant shall serve upon counsel for Plaintiffs:

A.  A completed financial statement, accurate as of the date of service of this Order and verified under oath, on the form served on Defendants with this Order, for such Defendant individually, and for each corporation or business entity under which such Defendant conducts business, or of which such Defendant is an officer, and for each trust of which such Defendant is a trustee. Said financial statement shall include assets held outside the territory of the United States. Defendants shall attach to their completed financial statements copies of all local, state, provincial, and federal income and property tax returns, with attachments and schedules as called for by the instructions to the financial statements; and

15

B. A statement, verified under oath, of all payments, transfers, or assignments of funds, assets, or property worth $5,000 or more since January 1, 2011. Such statements shall include: (1) the amount transferred or assigned; (2) the name of each transferee or assignee; (3) the date of the assignment or transfer; and (4) the type and amount of consideration paid by or to the Defendant. Each statement shall specify the name and address of each financial institution and brokerage firm at which Defendant has accounts or safe deposit boxes. Said statements shall include assets held in foreign as well as domestic accounts.

## VI.

### PRESERVATION OF RECORDS AND REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, are hereby temporarily restrained and enjoined from:

A. Failing to create and maintain books, records, accounts, bank statements, current accountants' reports, general ledgers, general journals, cash receipts ledgers, cash disbursement ledgers and source documents, documents indicating title to real or personal property, and any other data which, in reasonable detail, accurately and fairly reflect the incomes, disbursements, transactions, dispositions, and uses of Defendants' assets;

B. Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents, including electronically stored materials, that relate in any way to the business practices or business or personal finances of Defendants; to the business practices or finances of entities directly or indirectly under the

control of Defendants; or to the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

  C.  Creating, operating, or exercising any control over any new business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship or corporation, without first providing Plaintiffs with a written statement disclosing: (1) the name of the business entity; (2) the address, telephone number, e-mail address, and website address of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## VII.

### PROHIBITION ON DISCLOSING CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, are hereby temporarily restrained and enjoined from:

  A.  Selling, renting, leasing, transferring, or otherwise disclosing the name, address, birth date, telephone number, e-mail address, Social Security number, credit card number, bank account number, or other financial or identifying personal information of any person from whom or about whom any Defendant obtained such information in connection with activities alleged in Plaintiffs' Complaint; and

  B.  Benefiting from or using the name, address, birth date, telephone number, e-mail address, Social Security number, credit card number, bank account number, or other financial or

identifying personal information of any person from whom or about whom any Defendant obtained such information in connection with activities alleged in Plaintiffs' Complaint;

*Provided, however*, that Defendants may disclose such financial or identifying personal information to a law enforcement agency or as required by any law, regulation, or court order.

## VIII.

## TEMPORARY RECEIVER

### A. APPOINTMENT OF TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that _Gregg Szilagyi_ is appointed Temporary Equity Receiver ("Receiver") for the Receivership Defendants and any of their affiliates, subsidiaries, divisions, or sales, collections, or customer service operations, wherever located, with the full power of an equity receiver. The Receiver shall be the agent of this Court, and solely the agent of this Court, in acting as Receiver under this Order. The Receiver shall be accountable directly to this Court. The Receiver shall comply with all Local Rules of this Court governing receivers.

### B. RECEIVERSHIP DUTIES

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

1. Assume full control of the Receivership Defendants by removing, as the Receiver deems necessary or advisable, any director, officer, employee, independent contractor, or agent of the Receivership Defendants, including any Individual Defendant, from control of, management of, or participation in, the affairs of the Receivership Defendants, and, as a result of the foregoing, assume full ownership of the attorney-client privilege with respect to each of the Receivership Defendants;

2. Take exclusive custody, control, and possession of all assets and documents of, or in the possession, custody, or under the control of, the Receivership Defendants, wherever situated. The Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all assets and documents of the Receivership Defendants and other persons or entities whose interests are now held by or under the direction, possession, custody, or control of the Receivership Defendants. *Provided, however*, that the Receiver shall not attempt to collect or receive any amount from a consumer or to allow the Receivership Defendants to continue to debit or otherwise charge a consumer's account, if the Receiver believes the consumer was a victim of the unlawful conduct alleged in the Complaint in this matter;

3. Use any means necessary to take possession of and to secure all areas of the business premises of the Receivership Defendants, including, but not limited to, the business premises located at 500 Quail Ridge Drive, Westmont, Illinois 60559. Such steps may include, but are not limited to, the following as the Receiver deems necessary or advisable: (a) serving this Order; (b) completing a written inventory of all receivership assets; (c) obtaining pertinent information from all employees and other agents of the Receivership Defendants, including, but not limited to, the name, home address, Social Security number, job description, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent; (d) videotaping all portions of the locations; (e) securing the locations by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at the locations; (f) requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with proof of

identification, or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises documents or assets of the Receivership Defendants; and/or (g) employ the assistance of law enforcement officers as the Receiver deems necessary to implement the provisions of this Order;

4. Conserve, hold, and manage all receivership assets, and perform all acts necessary or advisable to preserve the value of those assets, in order to prevent any irreparable loss, damage, or injury to consumers or to creditors of the Receivership Defendants, including, but not limited to, obtaining an accounting of the assets and preventing transfer, withdrawal, or misapplication of assets, and including the authority to liquidate or close out any open securities or commodity futures positions of the Receivership Defendants;

5. Enter into contracts and purchase insurance as advisable or necessary;

6. Prevent the inequitable distribution of assets and determine, adjust, and protect the interests of consumers and creditors who have transacted business with the Receivership Defendants;

7. Manage and administer the business of the Receivership Defendants until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary, which includes retaining, hiring, or dismissing any employees, independent contractors, or agents;

8. Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;