## XXI.

## JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED,** this 22nd day of March, 2016, at 9:45 a.m.

*[signature]*
United States District Judge
Northern District of Illinois

# ATTACHMENT A

**Consent to Release of Financial Information**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, and <br><br> STATE OF ILLINOIS, <br><br>     Plaintiffs, <br><br> v. <br><br> STARK LAW, LLC, an Illinois limited liability company, also doing business as STARK RECOVERY; <br><br> STARK LEGAL, LLC, an Illinois limited liability company; <br><br> ASHTON ASSET MANAGEMENT, INC., an Illinois corporation; <br><br> CHM CAPITAL GROUP, LLC, an involuntarily dissolved Illinois limited liability company, also doing business as CAPITAL HARRIS MILLER & ASSOCIATES; <br><br> HKM FUNDING, LTD., an involuntarily dissolved Illinois corporation, in its capacity as manager of CHM CAPITAL GROUP, LLC; <br><br> PACIFIC CAPITAL HOLDINGS, INC., an Illinois corporation, formerly known as CHARLES HUNTER MILLER & ASSOCIATES, INC., and also doing business as PACIFIC CAPITAL; <br><br> HIRSH MOHINDRA, individually, as an owner, officer, director, member, and/or manager of STARK LEGAL, LLC, ASHTON ASSET MANAGEMENT, INC., CHM CAPITAL GROUP, LLC, HKM FUNDING, LTD., and PACIFIC CAPITAL HOLDINGS, INC., and also doing business as ASHTON LENDING, LLC; <br><br> GAURAV MOHINDRA, individually, and as an | Case No. 1:16-cv-3463 <br><br> Judge Rebecca R. Pallmeyer <br><br> Magistrate Judge Sheila M. Finnegan |

i

owner, member, and/or manager of STARK LAW, )
LLC, and STARK LEGAL, LLC; and )
)
PREETESH PATEL, individually, and as an owner )
and/or manager of ASHTON ASSET )
MANAGEMENT, INC., CHM CAPITAL GROUP, )
LLC, HKM FUNDING, LTD., and PACIFIC )
CAPITAL HOLDINGS, INC.; )
)
        Defendants. )
)

## CONSENT TO RELEASE OF FINANCIAL INFORMATION

I, _____, of _____

(city and state), do hereby direct any person, bank, savings and loan association, credit union, depository institution, finance company, commercial lending company, payment processor, payment processing entity, common carrier, customs broker, commercial mail receiving agency, mail holding and/or forwarding company, brokerage house, escrow agent, money market or mutual fund, title company, commodity trading company, or trustee, that holds, controls or maintains custody of assets, wherever located, that are owned or controlled by me, or any of the above Defendants, in whole or in part, or at which I, or any of the above Defendants, have an account of any kind upon which I am authorized to draw, and its officers, employees and agents, to disclose all information and deliver copies of all documents of every nature in its possession or control which relate to the said accounts to any attorney for Plaintiffs, and to give evidence relevant thereto, in the above-captioned matter, *Federal Trade Commission and State of Illinois v. Stark Law, LLC, et al.*, now pending in the United States District Court for the Northern District of Illinois, and this shall be irrevocable authority for so doing. This direction is intended to apply to the laws of countries other than the United States of America which restrict or prohibit the disclosure of bank or other financial information without the consent of the holder of

the account, and shall be construed as consent with respect thereto, and the same shall apply to any of the accounts for which I may be the relevant principal.

Dated: _____, 2016

_____
[Signature]

_____
[Print Name]

# EXHIBIT 3

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, and <br><br> STATE OF ILLINOIS, <br><br> Plaintiffs, <br><br> v. <br><br> STARK LAW, LLC, an Illinois limited liability company, also doing business as STARK RECOVERY; <br><br> STARK LEGAL, LLC, an Illinois limited liability company; <br><br> ASHTON ASSET MANAGEMENT, INC., an Illinois corporation; <br><br> CHM CAPITAL GROUP, LLC, an involuntarily dissolved Illinois limited liability company, also doing business as CAPITAL HARRIS MILLER & ASSOCIATES; <br><br> HKM FUNDING, LTD., an involuntarily dissolved Illinois corporation, in its capacity as manager of CHM CAPITAL GROUP, LLC; <br><br> PACIFIC CAPITAL HOLDINGS, INC., an Illinois corporation, formerly known as CHARLES HUNTER MILLER & ASSOCIATES, INC., and also doing business as PACIFIC CAPITAL; <br><br> HIRSH MOHINDRA, individually, as an owner, officer, director, member, and/or manager of STARK LEGAL, LLC, ASHTON ASSET MANAGEMENT, INC., CHM CAPITAL GROUP, LLC, HKM FUNDING, LTD., and PACIFIC CAPITAL HOLDINGS, INC., and also doing business as ASHTON LENDING, LLC; <br><br> GAURAV MOHINDRA, individually, and as an | Case No. 1:16-cv-3463 <br><br> Judge Rebecca R. Pallmeyer <br><br> Magistrate Judge Sheila M. Finnegan |

1

owner, member, and/or manager of STARK LAW, )
LLC, and STARK LEGAL, LLC; and )
)
PREETESH PATEL, individually, and as an owner )
and/or manager of ASHTON ASSET )
MANAGEMENT, INC., CHM CAPITAL GROUP, )
LLC, HKM FUNDING, LTD., and PACIFIC )
CAPITAL HOLDINGS, INC.; )
)
     Defendants. )
                 )

## PRELIMINARY INJUNCTION WITH ASSET FREEZE AND OTHER EQUITABLE RELIEF

  Plaintiffs, Federal Trade Commission ("FTC" or "Commission") and State of Illinois, filed their Complaint for Permanent Injunction and Other Equitable Relief in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), Section 814 of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692*l*, Section 7 of the Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act"), 815 ILCS 505/7, and Section 9.7 of the Illinois Collection Agency Act, 225 ILCS 425/9.7, and moved for an *Ex Parte* Temporary Restraining Order with Asset Freeze, Appointment of a Receiver, Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue ("TRO") pursuant to Rule 65 of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 65.

  The TRO having been granted and served with Plaintiffs' Complaint and Summons on Defendants Stark Law, LLC; Stark Legal, LLC; Ashton Asset Management, Inc.; CHM Capital Group, LLC; HKM Funding, Ltd.; Pacific Capital Holdings, Inc.; Hirsh Mohindra; Gaurav Mohindra; and Preetesh Patel, and the Court having considered all the pleadings, memoranda, declarations, and other exhibits filed herein, and being fully advised in the premises, it is now **ORDERED, ADJUDGED, AND DECREED** as follows:

1.  This Court has jurisdiction over the subject matter of this case, and has jurisdiction over the parties;

2.  Venue, process, and service of process are proper;

3.  There is good cause to believe that Defendants Stark Law, LLC, also doing business as Stark Recovery; Stark Legal, LLC; Ashton Asset Management, Inc.; CHM Capital Group, LLC, also doing business as Capital Harris Miller & Associates; HKM Funding, Ltd.; Pacific Capital Holdings, Inc., formerly known as Charles Hunter Miller & Associates, Inc., and also doing business as Pacific Capital; Hirsh Mohindra; Gaurav Mohindra; and Preetesh Patel (hereinafter collectively referred to as "Defendants") have engaged in, and are likely to engage in the future in, acts and practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a); the FDCPA, 15 U.S.C. §§ 1692-1692p; and Section 2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, and that Plaintiffs are therefore likely to prevail on the merits of this action;

4.  There is also good cause to believe that Defendants Stark Law, LLC, also doing business as Stark Recovery; Stark Legal, LLC; Ashton Asset Management, Inc.; CHM Capital Group, LLC, also doing business as Capital Harris Miller & Associates; HKM Funding, Ltd.; Pacific Capital Holdings, Inc., formerly known as Charles Hunter Miller & Associates, Inc., and also doing business as Pacific Capital; Hirsh Mohindra; and Preetesh Patel have engaged in, and are likely to engage in the future in, violations of Sections 4 and 9(a) of the Illinois Collection Agency Act, 225 ILCS 425/4 and 425/9(a), and that Plaintiff State of Illinois is therefore likely to prevail on the merits of this action;

5.  There is good cause to believe that consumers will suffer immediate and continuing harm from Defendants' ongoing violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a); the FDCPA, 15 U.S.C. §§ 1692-1692p; Section 2 of the Illinois Consumer Fraud Act,

815 ILCS 505/2; and Sections 4 and 9(a) of the Illinois Collection Agency Act, 225 ILCS 425/4 and 425/9(a), unless Defendants are restrained and enjoined by Order of this Court;

6. There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary restitution will occur from the sale, transfer, assignment, or other disposition or concealment by Defendants of their assets or corporate records unless Defendants are immediately restrained and enjoined by Order of this Court;

7. Weighing the equities and considering Plaintiffs' likelihood of ultimate success, a Preliminary Injunction is in the public interest; and

8. No security is required of any agency of the United States for issuance of a restraining order. FED. R. CIV. P. 65(c).

## DEFINITIONS

For purposes of this Preliminary Injunction with Asset Freeze and Other Equitable Relief ("Order"), the following definitions shall apply:

1. **"Asset"** or **"Assets"** means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes," (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

2. **"Consumer"** means any person.

3. **"Corporate Defendants"** means Defendants Stark Law, LLC, also doing business as Stark Recovery; Stark Legal, LLC; Ashton Asset Management, Inc.; CHM Capital

Group, LLC, also doing business as Capital Harris Miller & Associates; HKM Funding, Ltd., in its capacity as manager of CHM Capital Group, LLC; and Pacific Capital Holdings, Inc., formerly known as Charles Hunter Miller & Associates, Inc., and also doing business as Pacific Capital, and by whatever other names they may be known, and their successors and assigns, as well as any subsidiaries, affiliates, and any fictitious business entities or business names created or used by these entities, or any of them.

4. "**Debt**" means any obligation or alleged obligation to pay money arising out of a transaction, whether or not such obligation has been reduced to judgment.

5. "**Defendants**" means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

6. "**Document**" or "**Documents**" means any materials listed in Federal Rule of Civil Procedure 34(a), Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

7. "**Financial Institution**" means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

8. "**Individual Defendants**" means Defendants Hirsh Mohindra, Gaurav Mohindra, and Preetesh Patel, and by whatever other names each may be known.

9.  **"Person"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

10. **"Plaintiffs"** means the Federal Trade Commission and State of Illinois.

11. **"Receivership Defendants"** means the Corporate Defendants, as well as any other business related to Defendants' debt collection business and which the Receiver has reason to believe is owned or controlled in whole or in part by any Defendant.

## I.

## PROHIBITED DEBT COLLECTION ACTIVITIES

**IT IS THEREFORE ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, in connection with the collection or the attempted collection of any debt, are hereby restrained and enjoined from:

A.  Misrepresenting, or assisting others in misrepresenting, directly or indirectly, expressly or by implication, any material fact, including, but not limited to:

1.  That the consumer is delinquent on a payday loan or other debt that any Defendant has the authority to collect;

2.  That the consumer has a legal obligation to pay any Defendant;

3.  That the non-payment of a purported debt has resulted, or will result, in Defendants, or any other person, taking any action against the consumer that Defendants have no authority to take, such as the consumer being "charged" with "defrauding a financial institution" or "passing a bad check";

    4. That non-payment of a purported debt will result in a consumer's arrest or imprisonment;

    5. That any Defendant or any other person has taken, intends to take, or has authority to take formal legal action against a consumer who fails to pay a purported debt; and

    6. The character, amount, or legal status of a debt;

  B. Communicating with persons other than a consumer for the purpose of acquiring location information about the consumer and:

    1. Stating that such consumer owes a debt; or

    2. Communicating with any such person more than once unless requested to do so by such person or unless Defendants reasonably believe that the earlier response of such person was erroneous or incomplete and that such person now has correct or complete location information;

  C. Communicating with a consumer when Defendants know the consumer is represented by an attorney with respect to the consumer's debt, and Defendants have knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from Defendants or unless the attorney consents to direct communication with the consumer;

  D. Communicating with consumers at their places of employment when Defendants know, or have reason to know, that consumers' employers prohibit consumers from receiving such communications;

  E. Communicating with any person other than the consumer, the consumer's attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of

the creditor, the attorney of the debt collector, the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator for purposes other than acquiring location information about a consumer, without having obtained directly the prior consent of the consumer or the express permission of a court of competent jurisdiction, and when not reasonably necessary to effectuate a postjudgment judicial remedy;

F. Causing a telephone to ring or engaging a person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass a person at the called number; and

G. Failing to provide consumers, within five days after the initial communication with a consumer, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by Defendants; (4) a statement that if the consumer notifies Defendants in writing within the thirty-day period that the debt, or any portion thereof, is disputed, Defendants will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by Defendants; and (5) a statement that, upon the consumer's written request within the thirty-day period, Defendants will provide the consumer with the name and address of the original creditor, if different from the current creditor;

H. Violating, or assisting others in violating, Section 2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, including by:

    1. Falsely claiming that consumers owe debts with intent that consumers rely on those representations;

  2. Collecting falsely claimed debts from consumers;

  3. Failing to refund falsely claimed debts unlawfully collected from consumers;

  4. Using licensed attorneys to falsely represent that Defendants have filed or will file lawsuits against consumers;

  5. Misrepresenting the true identity of non-attorney debt collector callers to consumers with intent that consumers rely on these misrepresentations; and

  6. Falsely representing that Defendants are a law firm; and

I. Violating, or assisting others in violating, Sections 4 and 9(a) of the Illinois Collection Agency Act, 225 ILCS 425/4 and 425/9(a), including by:

  1. Acting as a collection agency without being licensed;

  2. Threatening to instigate arrest or criminal prosecution where no basis for a criminal complaint lawfully exists;

  3. Initiating or threatening to initiate communication with a debtor's employer before timely written notice has been given to the debtor of Defendants' intention to communicate with the debtor's employer;

  4. Communicating with the debtor or any member of the debtor's family at such a time of day or night and with such frequency as to constitute harassment of the debtor or any member of the debtor's family;

  5. Disclosing, or threatening to disclose, information relating to a debtor's debt to any other person except where such other person has a legitimate business need for the information or except where such disclosure is permitted by law;

6. Disclosing, or threatening to disclose, information concerning the existence of a debt which Defendants know to be reasonably disputed by the debtor without disclosing the fact that the debtor disputes the debt;

7. Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist; and

8. Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud or harm the public.

## II.

## OTHER PROHIBITED PRACTICES

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, in connection with the marketing, distribution, and sale of debt portfolios, are hereby restrained and enjoined from:

A. Marketing, distributing, or selling debt portfolios that list loans that the lenders have not, in fact, made to the consumers identified in such portfolios, or that Defendants have not purchased, or otherwise obtained, any rights to collect; and

B. Otherwise providing others with the means and instrumentalities to misrepresent, or to assist others in misrepresenting, directly or indirectly, expressly or by implication, that consumers owe unpaid debts or that a debt collector has obtained the right to collect a debt from a consumer.