## III.

## ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, except as provided herein, as stipulated by the parties, or as directed by further Order of the Court, are hereby restrained and enjoined from:

    A.    Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, shares of stock, lists of consumer names, or other assets, or any interest therein, wherever located, including outside the territorial United States, that are:

        1.    Owned, controlled, or held by, in whole or in part, for the benefit of, or subject to access by, or belonging to, any Defendant;

        2.    In the actual or constructive possession of any Defendant; or

        3.    In the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, or belonging to, any other corporation, partnership, trust, or any other entity directly or indirectly owned, managed, or controlled by, or under common control with, any Defendant, including, but not limited to, any assets held by or for any Defendant in any account at any bank or savings and loan institution, or with any credit card processing agent, automated clearing house processor, network transaction processor, bank debit processing agent, customer service agent, commercial mail

receiving agency, or mail holding or forwarding company, or any credit union, retirement fund custodian, money market or mutual fund, storage company, trustee, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, or other financial institution or depository of any kind, either within or outside the territorial United States;

B. Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Defendant, or subject to access by any Defendant or under any Defendant's control, without providing the Commission prior notice and an opportunity to inspect the contents in order to determine that they contain no assets covered by this Section;

C. Cashing any checks or depositing or processing any payments from customers of Defendants;

D. Incurring charges or cash advances on any credit card issued in the name, singly or jointly, of any Defendant; or

E. Incurring liens or encumbrances on real property, personal property, or other assets in the name, singly or jointly, of any Defendant or of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant.

Notwithstanding the asset freeze provisions of Section III.A through E above, and subject to prior written agreement with the Commission, Individual Defendants may, upon compliance with Section V (Financial Statements and Accounting) *infra*, pay from their individual personal funds reasonable, usual, ordinary, and necessary living expenses.

The funds, property, and assets affected by this Section shall include both existing assets and assets acquired after the effective date of this Order.

## IV.

## **DUTIES OF THIRD PARTIES HOLDING DEFENDANTS' ASSETS**

**IT IS FURTHER ORDERED** that any financial institution, business entity, or person maintaining or having custody or control of any account or other asset of any Defendant, or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by, or under common control with any Defendant, which is served with a copy of this Order, or otherwise has actual or constructive knowledge of this Order, shall:

A.    Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of any of the assets, funds, documents, or other property held by, or under its control:

    1.    On behalf of, or for the benefit of, any Defendant or any other party subject to Section III above;

    2.    In any account maintained in the name of, or for the benefit of, or subject to withdrawal by, any Defendant or other party subject to Section III above; and

    3.    That are subject to access or use by, or under the signatory power of, any Defendant or other party subject to Section III above;

B.    Deny Defendants access to any safe deposit boxes or storage facilities that are either:

    1.    Titled in the name, individually or jointly, of any Defendant, or other party subject to Section III above; or

    2.    Subject to access by any Defendant or other party subject to Section III above;

C. Unless previously submitted in full compliance with the TRO, provide Plaintiffs, within five (5) days of the date of service of this Order, a sworn statement setting forth:

1. The identification number of each account or asset titled in the name, individually or jointly, of any Defendant, or held on behalf of, or for the benefit of, any Defendant or other party subject to Section III above, including all trust accounts managed on behalf of any Defendant or subject to any Defendant's control;

2. The balance of each such account, or a description of the nature and value of such asset;

3. The identification and location of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Defendant, or is otherwise subject to access or control by any Defendant or other party subject to Section III above, whether in whole or in part; and

4. If the account, safe deposit box, storage facility, or other asset has been closed or removed, the date closed or removed and the balance on said date;

D. Within five (5) days of a request from any Plaintiff, provide Plaintiffs copies of all records or other documents pertaining to each such account or asset, including, but not limited to, originals or copies of account applications, account statements, corporate resolutions, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; and

E. This Section shall apply to existing accounts and assets, assets deposited or accounts opened after the effective date of this Order, and any accounts or assets maintained, held or controlled three years prior to the effective date of this Order. This Section shall not

prohibit transfers in accordance with any provision of this Order, any further order of the Court, or by written agreement of the parties.

V.

**FINANCIAL STATEMENTS AND ACCOUNTING**

**IT IS FURTHER ORDERED** that, unless previously submitted in full compliance with the TRO, no later than five (5) business days after entry of this Order, each Defendant shall serve upon counsel for Plaintiffs:

A. A completed financial statement, accurate as of the date of entry of this Order and verified under oath, on the form served on Defendants with the TRO, for such Defendant individually, and for each corporation or business entity under which such Defendant conducts business, or of which such Defendant is an officer, and for each trust of which such Defendant is a trustee. Said financial statement shall include assets held outside the territory of the United States. Defendants shall attach to their completed financial statements copies of all local, state, provincial, and federal income and property tax returns, with attachments and schedules as called for by the instructions to the financial statements; and

B. A statement, verified under oath, of all payments, transfers, or assignments of funds, assets, or property worth $5,000 or more since January 1, 2011. Such statements shall include: (1) the amount transferred or assigned; (2) the name of each transferee or assignee; (3) the date of the assignment or transfer; and (4) the type and amount of consideration paid by or to the Defendant. Each statement shall specify the name and address of each financial institution and brokerage firm at which Defendant has accounts or safe deposit boxes. Said statements shall include assets held in foreign as well as domestic accounts.

15

## VI.

## PRESERVATION OF RECORDS AND REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, are hereby restrained and enjoined from:

    A.    Failing to create and maintain books, records, accounts, bank statements, current accountants' reports, general ledgers, general journals, cash receipts ledgers, cash disbursement ledgers and source documents, documents indicating title to real or personal property, and any other data which, in reasonable detail, accurately and fairly reflect the incomes, disbursements, transactions, dispositions, and uses of Defendants' assets;

    B.    Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents, including electronically stored materials, that relate in any way to the business practices or business or personal finances of Defendants; to the business practices or finances of entities directly or indirectly under the control of Defendants; or to the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

    C.    Creating, operating, or exercising any control over any new business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship or corporation, without first providing Plaintiffs with a written statement disclosing: (1) the name of the business entity; (2) the address, telephone number, e-mail address, and website address of the business entity; (3) the names of the business entity's

16

officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## VII.

## PROHIBITION ON DISCLOSING CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, are hereby restrained and enjoined from:

A.  Selling, renting, leasing, transferring, or otherwise disclosing the name, address, birth date, telephone number, e-mail address, Social Security number, credit card number, bank account number, or other financial or identifying personal information of any person from whom or about whom any Defendant obtained such information in connection with activities alleged in Plaintiffs' Complaint; and

B.  Benefiting from or using the name, address, birth date, telephone number, e-mail address, Social Security number, credit card number, bank account number, or other financial or identifying personal information of any person from whom or about whom any Defendant obtained such information in connection with activities alleged in Plaintiffs' Complaint;

*Provided, however*, that Defendants may disclose such financial or identifying personal information to a law enforcement agency or as required by any law, regulation, or court order.

## VIII.

## PERMANENT RECEIVER

A.  **APPOINTMENT OF PERMANENT RECEIVER**

**IT IS FURTHER ORDERED** that Gregg Szilagyi is appointed Permanent Equity Receiver ("Receiver") for the Receivership Defendants and any of their affiliates, subsidiaries, divisions, or sales, collections, or customer service operations, wherever located, with the full power of an equity receiver. The Receiver shall be the agent of this Court, and solely the agent of this Court, in acting as Receiver under this Order. The Receiver shall be accountable directly to this Court. The Receiver shall comply with all Local Rules of this Court governing receivers.

### B.  RECEIVERSHIP DUTIES

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

1.  Assume full control of the Receivership Defendants by removing, as the Receiver deems necessary or advisable, any director, officer, employee, independent contractor, or agent of the Receivership Defendants, including any Individual Defendant, from control of, management of, or participation in, the affairs of the Receivership Defendants, and, as a result of the foregoing, assume full ownership of the attorney-client privilege with respect to each of the Receivership Defendants;

2.  Take exclusive custody, control, and possession of all assets and documents of, or in the possession, custody, or under the control of, the Receivership Defendants, wherever situated. The Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all assets and documents of the Receivership Defendants and other persons or entities whose interests are now held by or under the direction, possession, custody, or control of the Receivership Defendants. *Provided, however*, that the Receiver shall not attempt to collect or receive any amount from a consumer or to allow the Receivership Defendants to continue to debit or

otherwise charge a consumer's account, if the Receiver believes the consumer was a victim of the unlawful conduct alleged in the Complaint in this matter;

   3. Use any means necessary to take possession of and to secure all areas of the business premises of the Receivership Defendants, including, but not limited to, the business premises located at 500 Quail Ridge Drive, Westmont, Illinois 60559. Such steps may include, but are not limited to, the following as the Receiver deems necessary or advisable: (a) serving this Order; (b) completing a written inventory of all receivership assets; (c) obtaining pertinent information from all employees and other agents of the Receivership Defendants, including, but not limited to, the name, home address, Social Security number, job description, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent; (d) videotaping all portions of the locations; (e) securing the locations by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at the locations; (f) requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises documents or assets of the Receivership Defendants; and/or (g) employ the assistance of law enforcement officers as the Receiver deems necessary to implement the provisions of this Order;

   4. Conserve, hold, and manage all receivership assets, and perform all acts necessary or advisable to preserve the value of those assets, in order to prevent any irreparable loss, damage, or injury to consumers or to creditors of the Receivership Defendants, including, but not limited to, obtaining an accounting of the assets and

preventing transfer, withdrawal, or misapplication of assets, and including the authority to liquidate or close out any open securities or commodity futures positions of the Receivership Defendants;

5. Enter into contracts and purchase insurance as advisable or necessary;

6. Prevent the inequitable distribution of assets and determine, adjust, and protect the interests of consumers and creditors who have transacted business with the Receivership Defendants;

7. Manage and administer the business of the Receivership Defendants until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary, which includes retaining, hiring, or dismissing any employees, independent contractors, or agents;

8. Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

9. Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Defendants prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure assets of the Receivership Defendants, such as rental payments;

10. Determine and implement the manner in which the Receivership Defendants will comply with, and prevent violations of, this Order and all other

applicable laws;

11.     Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts that the Receiver deems necessary and advisable to preserve or recover the assets of the Receivership Defendants or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

12.     Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in his role as Receiver, or against the Receivership Defendants that the Receiver deems necessary and advisable to preserve the assets of the Receivership Defendants or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

13.     Continue and conduct the business of the Receivership Defendants in such manner, to such extent, and for such duration as the Receiver may in good faith deem to be necessary or appropriate to operate the business profitably and lawfully, if at all; provided, however, that the continuation and conduct of the business shall be conditioned upon the Receiver's good faith determination that the business can be lawfully operated at a profit using the assets of the receivership estate;

14.     Issue subpoenas to obtain documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate;

15.     Open one or more bank accounts as designated depositories for funds of the Receivership Defendants. The Receiver shall deposit all funds of the Receivership Defendants in such a designated account and shall make all payments and disbursements from the receivership estate from such an account;

16. Maintain accurate records of all receipts and expenditures that he or she makes as Receiver;

17. Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency; and

18. File reports with the Court on a timely and reasonable basis.

## C.    COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that:

1. Defendants and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, shall fully cooperate with and assist the Receiver. This cooperation and assistance shall include, but not be limited to:

   a. Providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Order;

   b. Providing any password required to access any computer, electronic file, or telephonic data in any medium; or

   c. Advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Receiver;

2. Defendants and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or

through any trust, corporation, subsidiary, division, or other device, are hereby restrained and enjoined from directly or indirectly:

    a.    Transacting any of the business of the Receivership Defendants;

    b.    Destroying, secreting, defacing, transferring, or otherwise altering or disposing of any documents of the Receivership Defendants, including, but not limited to, books, records, accounts, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations, electronically-stored records, or any other records of any kind or nature;

    c.    Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendants, or the Receiver;

    d.    Excusing debts owed to the Receivership Defendants;

    e.    Failing to notify the Receiver of any asset, including accounts, of the Receivership Defendants held in any name other than the name of the Receivership Defendants, or by any person or entity other than the Receivership Defendants, or failing to provide any assistance or information requested by the Receiver in connection with obtaining possession, custody, or control of such assets;

    f.    Doing any act or refraining from any act whatsoever to interfere with the Receiver's taking custody, control, possession, or managing of the assets or documents subject to this receivership; or to harass or interfere with the

Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants; or to refuse to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any Order of this Court; or

g. Filing, or causing to be filed, any petition on behalf of any of the Receivership Defendants for relief under the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, without prior permission from this Court.

**D.     DELIVERY OF RECEIVERSHIP PROPERTY**

**IT IS FURTHER ORDERED** that:

1. Immediately upon entry of this Order, or within such period as may be permitted by the Receiver, Defendants or any other person or entity shall transfer or deliver possession, custody, and control of the following to the Receiver:

a. All assets of the Receivership Defendants, including assets subject to repatriation pursuant to Section X, *infra*;

b. All documents of the Receivership Defendants, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers;

c. All assets belonging to members of the public now held by the Receivership Defendants; and

d. All keys, codes, and passwords necessary to gain or to secure access to any assets or documents of the Receivership Defendants, including, but

not limited to, access to their business premises, means of communication, accounts, computer systems, mail boxes, or other property;

2. In the event any person or entity fails to deliver or transfer any receivership asset or document or otherwise fails to comply with any provision of this Section, the Receiver may file *ex parte* an Affidavit of Non-Compliance regarding the failure. Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver. The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county, or any other federal or state law enforcement officer, to seize the asset, document, or other thing and to deliver it to the Receiver.

3. For the avoidance of any doubt, the delivery of documents to the Receiver or the Receiver's inspection of documents pursuant to this Order that are subject to an attorney-client privilege owned by a party other than the Receivership Defendants shall not, as a result of such delivery or inspection, waive such party's attorney-client privilege in this proceeding or in any other federal or state court.

### E.     TRANSFER OF FUNDS TO THE RECEIVER

**IT IS FURTHER ORDERED** that, upon service of a copy of this Order, all financial institutions, finance companies, commercial lending companies, credit card processing agents or agents providing electronic funds transfer services or automated clearing house processing, brokerage houses, escrow agents, money market or mutual funds, title companies, commodity futures merchants, commodity trading companies, precious metal dealers, trustees, or other financial institutions or depositories of any kind, shall cooperate with all reasonable requests of the Receiver relating to implementation of this Order, including transferring funds at his or her