direction and producing records related to the assets of the Receivership Defendants.

**F.     STAY OF ACTIONS**

**IT IS FURTHER ORDERED** that:

1. Except by leave of this Court, during pendency of the receivership ordered herein, Defendants and all other persons and entities be and hereby are stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of, the Receivership Defendants, any of their subsidiaries, affiliates, partnerships, assets, documents, or the Receiver or the Receiver's duly authorized agents acting in their capacities as such, including, but not limited to, the following actions:

    a. Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;

    b. Accelerating the due date of any obligation or claimed obligation; filing, perfecting or enforcing any lien; taking or attempting to take possession, custody, or control of any asset; attempting to foreclose, forfeit, alter, or terminate any interest in any asset, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise, or setoff of any debt owing to the Receivership Defendants that arose before the date of this Order against any claim against the Receivership Defendants;

    c. Executing, issuing, serving, or causing the execution, issuance or service of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form

of process whether specified in this Order or not; or

      d.    Doing any act or thing whatsoever to interfere with the Receiver taking custody, control, possession, or management of the assets or documents subject to this receivership, or to harass or interfere with the Receiver in any way, or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants.

2.    This Order does not stay:

      a.    The commencement or continuation of a criminal action or proceeding;

      b.    The commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or

      c.    The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

3.    Except as otherwise provided in this Order, all persons and entities in need of documentation from the Receiver shall in all instances first attempt to secure such information by submitting a formal written request to the Receiver, and, if such request has not been responded to within thirty (30) days of receipt by the Receiver, any such person or entity may thereafter seek an Order of this Court with regard to the relief requested.

### G. COMPENSATION OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by, or in the possession or control of, or which may be received by the Receivership Defendants. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of this Order. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

### H. RECEIVER'S BOND

**IT IS FURTHER ORDERED** that, to the extent he has not already done so in compliance with the TRO, the Receiver shall file with the Clerk of this Court a bond in the sum of ten thousand dollars ($10,000.00) with sureties to be approved by the Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.

### IX.

### ACCESS TO BUSINESS PREMISES

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, and the Receiver, shall allow Plaintiffs' representatives, agents, and assistants, as well as the Receivership

Defendants' representatives, and the Individual Defendants themselves, reasonable access to all of Receivership Defendants' business premises, or any other premises where the Receivership Defendants conduct business or customer service operations. Such locations include, but are not limited to, 500 Quail Ridge Drive, Westmont, Illinois 60559.

The purpose of this access shall be to inspect and copy any and all books, records, documents, accounts, and other property owned by, or in the possession of, the Receivership Defendants or their agents. The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access. Plaintiffs may remove materials from the Receivership Defendants' business premises to inspect, inventory, and copy such materials. Plaintiffs shall return materials so removed within five (5) business days of completing said inventory and copying. Plaintiffs' access to Defendants' documents pursuant to this Section shall not provide grounds for any Defendant to object to any subsequent request for documents served by any Plaintiff.

## X.

### REPATRIATION OF ASSETS AND DOCUMENTS LOCATED IN FOREIGN COUNTRIES

**IT IS FURTHER ORDERED** that Defendants shall:

A.  Unless previously completed in full compliance with the TRO, within three (3) business days following entry of this Order, take such steps as are necessary to repatriate to the territory of the United States all documents and assets that are located outside such territory and are held by or for Defendants or for the benefit of any Defendant or under the direct or indirect control of any Defendant, jointly, severally, or individually;

B.  Unless previously completed in full compliance with the TRO, within three (3) business days following entry of this Order, provide Plaintiffs with a full accounting of all

documents and assets that are located outside the territory of the United States or that have been transferred to the territory of the United States pursuant to Subsection A above and are held by or for any Defendant or are under any Defendant's direct or indirect control, jointly, severally, or individually, including the names and addresses of any foreign or domestic financial institution or other entity holding the documents or assets, along with the account numbers and balances;

  C. Hold and retain all such repatriated documents and assets and prevent any transfer, disposition, or dissipation whatsoever of any such documents or assets; and

  D. Unless previously completed in full compliance with the TRO, within three (3) business days following entry of this Order, provide Plaintiffs access to Defendants' records and documents held by financial institutions or other entities outside the territorial United States, by signing and delivering to Plaintiffs' counsel the Consent to Release of Financial Information attached to the TRO.

## XI.

### INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants are hereby restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by the preceding Section of this Order, including, but not limited to:

  A. Sending any statement, letter, facsimile, e-mail or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement, until such time that assets have been fully repatriated pursuant to the preceding Section of this Order; and

B.     Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a Court Order, until such time as assets have been fully repatriated pursuant to the preceding Section of this Order.

## XII.

### EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that pursuant to Federal Rules of Civil Procedure 30(a), 31(a), 34, and 45, and notwithstanding the provisions of Federal Rules of Civil Procedure 26(d) and (f), 30(a)(2)(A), and 31(a)(2)(A), the parties and the Receiver are granted leave, at any time after entry of this Order to:

A.     Take the deposition of any person, whether or not a party, for the purpose of discovering the nature, location, status, and extent of the assets of Defendants, and Defendants' affiliates and subsidiaries; the nature and location of documents reflecting the business transactions of Defendants, and Defendants' affiliates and subsidiaries; the location of any premises where Defendants, directly or through any third party, conduct business operations; the Defendants' whereabouts; and/or the applicability of any evidentiary privileges to this action; and

B.     Demand the production of documents from any person, whether or not a party, relating to the nature, status, and extent of the assets of Defendants, and Defendants' affiliates and subsidiaries; the nature and location of documents reflecting the business transactions of Defendants, and Defendants' affiliates and subsidiaries; the location of any premises where Defendants, directly or through any third party, conduct business operations; the Defendants' whereabouts; and/or the applicability of any evidentiary privileges to this action.

Three (3) days' notice shall be deemed sufficient for any such deposition, five (5) days' notice shall be deemed sufficient for the production of any such documents, and twenty-four (24) hours' notice shall be deemed sufficient for the production of any such documents that are maintained or stored only as electronic data. The provisions of this Section shall apply to parties to this case, the Receiver, and non-parties. The limitations and conditions set forth in Federal Rules of Civil Procedure 30(a)(2)(A)(ii) and 31(a)(2)(A)(ii) regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section. Any such depositions taken pursuant to this Section shall not be counted toward any limit on the number of depositions under the Federal Rules of Civil Procedure, including those set forth in Federal Rules of Civil Procedure 30(a)(2)(A) and 31(a)(2)(A). Service of discovery upon a party, taken pursuant to this Section, shall be sufficient if made through the means described in Section XIV of this Order.

## XIII.

### DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each of their corporations, subsidiaries, affiliates, divisions, directors, officers, agents, partners, successors, assigns, employees, attorneys, agents, representatives, sales entities, sales persons, telemarketers, independent contractors, and any other persons in active concert or participation with them. Within five (5) calendar days following entry of this Order, each Defendant shall file with this Court and serve on Plaintiffs, an affidavit identifying the names, titles, addresses, and telephone numbers of the persons that Defendants have served with a copy of this Order in compliance with this provision.

## XIV.

## SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be distributed by United States First Class Mail, overnight delivery, facsimile, electronic mail, or personally, by agents or employees of Plaintiffs, by agents or employees of the Receiver, by any law enforcement agency, or by private process server, upon any person, financial institution, or other entity that may have possession or control of any property, property right, document, or asset of any Defendant, or that may be subject to any provision of this Order. Service upon any branch or office of any financial institution or entity shall effect service upon the entire financial institution or entity.

## XV.

## CONSUMER REPORTING AGENCIES

**IT IS FURTHER ORDERED** that, pursuant to Section 604 of the Fair Credit Reporting Act, 15 U.S.C. § 1681b, any consumer reporting agency may furnish a consumer or credit report concerning any Defendant to Plaintiffs.

## XVI.

## CORRESPONDENCE WITH AND NOTICE TO PLAINTIFFS

**IT IS FURTHER ORDERED** that for purposes of this Order, all correspondence and pleadings to Plaintiffs shall be addressed to:

A. For Plaintiff Federal Trade Commission:

William J. Hodor
John C. Hallerud
Guy G. Ward
Federal Trade Commission
55 West Monroe Street, Suite 1825
Chicago, Illinois 60603

              (312) 960-5634 [telephone]
              (312) 960-5600 [facsimile]
              whodor@ftc.gov [e-mail, Hodor]
              jhallerud@ftc.gov [e-mail, Hallerud]

B.    For Plaintiff State of Illinois:

        Erin Grotheer
        Kimberly Slider
        Thomas P. James
        Office of the Illinois Attorney General
        100 West Randolph Street
        Chicago, Illinois 60601
        (312) 814-8966 [telephone]
        (312) 814-2593 [facsimile]
        egrotheer@atg.state.il.us [e-mail, Grotheer]
        kslider@atg.state.il.us [e-mail, Slider]
        tjames@atg.state.il.us [e-mail, James]

## XVII.

### JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED,** this 11th day of July, 2016.

                                                                   _____
                                                                   United States District Judge
                                                                   Northern District of Illinois

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION and STATE OF ILLINOIS, | ) ) ) |
| Plaintiffs, | ) No. 1:16 CV 3463 |
| v. | ) ) Hon. Rebecca R. Pallmeyer |
| STARK LAW, LLC, et al., | ) ) |
| Defendants. | ) |

### ORDER GRANTING
### UNCONTESTED MOTION OF RECEIVER GREGG SZILAGYI TO
### EXPAND RECEIVERSHIP TO INCLUDE AURA DEVELOPMENT, INC.

This civil action came before the Court on the *Uncontested Motion of Receiver Gregg Szilagyi to Expand Receivership to Include Aura Development, Inc.*, dated September 26, 2016 [Docket #132] (the "Motion"); Defendants having consented to the relief requested by the Motion, and no other objection to the Motion having been filed or raised orally in Court; and the Court being fully advised in the premises, hereby

FINDS that all parties entitled thereto have due and proper notice; and further

FINDS, based on the factual representations in the Motion and the consent of the parties, that non-party Aura Development, Inc. is in possession of property of the receivership estate or its proceeds.

Accordingly, the Court ORDERS that:

1. The Motion is granted.

2. Aura Development, Inc., an Illinois corporation, is hereby placed in receivership, and all property of the said Aura Development, Inc., irrespective of its character or location, is declared to be held *in custodia legis* and part of the receivership estate that presently exists by virtue of the *Ex Parte Temporary Restraining Order*, dated March 22, 2016 [#17], and the *Preliminary Injunction with Asset Freeze and Other Equitable Relief*, dated July 11, 2016 [#82] ("Preliminary Injunction").

3. Gregg Szilagyi is hereby appointed the federal equity receiver of Aura Development, Inc. ("Receiver"). The Court vests the Receiver with authority and jurisdiction over Aura Development, Inc. and its assets to the maximum extent permitted by 28 U.S.C. §§ 754, 959 and 1692, Federal Rule of Civil Procedure 66, federal common law and this Court's inherent powers, and empowers and authorizes the Receiver to take any and all actions necessary and proper to carry out the express provisions of this order.

4. Without limiting the generality of the foregoing expressions of the Receiver's authority over Aura Development, Inc. and its assets, all of the Receiver's powers and duties enumerated in the Preliminary Injunction are applicable to Aura Development, Inc. Every reference to the "Receivership Defendants" in the Preliminary Injunction must henceforth be deemed to include Aura Development, Inc.

Dated: September 29, 2016

Time: 11:00 a.m.

                                              *Rebecca R. Pallmeyer*
                                              United States District Judge

# EXHIBIT 5

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION and STATE OF ILLINOIS, | ) ) ) |
| Plaintiffs, | ) ) No. 1:16 CV 3463 |
| v. | ) ) Hon. Rebecca R. Pallmeyer |
| STARK LAW, LLC, et al., | ) ) |
| Defendants. | ) |

**ORDER GRANTING**
**MOTION OF RECEIVER GREGG SZILAGYI TO CLARIFY EXTENT OF HIS AUTHORITY TO ISSUE AND SERVE DISCOVERY AND SUBPOENAS ON PERSONS AND ENTITIES REGARDING RECEIVERSHIP ESTATE**

This civil action came before the Court on the *Motion of Receiver Gregg Szilagyi to Clarify Extent of His Authority to Issue and Serve Discovery and Subpoenas on Persons and Entities Regarding Receivership Estate*, dated September 26, 2016 [Docket #134] (the "Motion"); no objection to the Motion having been filed or raised orally in Court; and the Court being fully advised in the premises and finding that all parties entitled thereto have due and proper notice, hereby orders:

1. The Motion is granted.

2. With respect to the *Preliminary Injunction with Asset Freeze and Other Equitable Relief* entered by this Court on July 11, 2016 [Docket #82] (the "Receivership Order"), the Court hereby clarifies that, by empowering Gregg Szilagyi, as receiver appointed thereby (the "Receiver"), to "[i]ssue subpoenas to obtain documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate" (Receivership Order at p. 21, ¶ 14), it was the Court's intent to authorize and empower the Receiver to issue and serve discovery and subpoenas on persons or entities for the production of documents or for oral examination relating to the acts, conduct, property, assets, liabilities and financial condition of the defendants and other entities that are now or may later by placed in receivership, or to any matter that affects the administration of the receivership estate, such that the Receiver's investigatory powers are coextensive with the authority that Federal Rule of Bankruptcy Procedure 2004(b) grants to a bankruptcy trustee.

3. For the avoidance of any doubt, the Court hereby confers the powers described in paragraph 2 of this order on the Receiver, retroactive to July 11, 2016.

Dated: September 29, 2016

*[Signature: Rebecca R. Pallmeyer]*

Time: 11:00 a.m.

{11659-001 ORD A0451574.DOCX}

# EXHIBIT 6