AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | |
|---|---|
| Federal Trade Commission and the State of Illinois, ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 16-cv-3463 |
| Stark Law, LLC, et al. ) | |
| ) | (If the action is pending in another district, state where: ) |
| *Defendant* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Greg Grigorian, 5477 Main Street, Amherst, NY 14221

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: SEE ATTACHED RIDER.

| Place: Shaw Fishman Glantz & Towbin LLC, c/o David R. Doyle, 321 N. Clark Street, Suite 800, Chicago, IL 60654 | Date and Time: 09/07/2016 4:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 09/01/2016

*CLERK OF COURT*

OR

_____         /s/ David R. Doyle
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Gregg Szilagyi, solely in his capacity as Court-appointed Receiver in above-referenced action , who issues or requests this subpoena, are:

David R. Doyle, Shaw Fishman Glantz & Towbin LLC, 321 North Clark Street, Suite 800, Chicago, IL 60654, ddoyle@shawfishman.com, 312-980-3864

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 16-cv-3463

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* Greg Grigorian
was received by me on *(date)* 09/01/2016 .

☑ I served the subpoena by delivering a copy to the named person as follows: via certified U.S. Mail
Greg Grigorian, 5477 Main Street, Amherst, NY 14221
on *(date)* 09/01/2016 ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 09/01/2016

/s/ David R. Doyle
*Server's signature*

David R. Doyle, Attorney
*Printed name and title*

Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60654

*Server's address*

Additional information regarding attempted service, etc:

Case 1:16-mc-00040-LJV Document 1-10 Filed 12/02/16 Page 3 of 15

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## **SUBPOENA RIDER**

### Definitions

1. The term "Defendants" means the defendants in *Federal Trade Commission and State of Illinois v. Stark Law, LLC, et al.*, Case No. 1:16-cv-3463 (N.D. Ill. Mar. 23, 2016), namely, Stark Law, LLC, also doing business as Stark Recovery; Stark Legal, LLC; Ashton Asset Management, Inc.; CHM Capital Group, LLC, also doing business as Capital Harris Miller & Associates; HKM Funding, Ltd.; Pacific Capital Holdings, Inc., formerly known as Charles Hunter Miller & Associates, Inc., and also doing business as Pacific Capital; Hirsh Mohindra; Gaurav Mohindra; and Preetesh Patel, and each of them.

2. The term "Related Entities" means any of the following persons or entities, but excludes the person or entity who is the recipient of this subpoena:

    (a)   10D Holdings, Inc.
    (b)   4 Sum, Inc.
    (c)   6p, LLC
    (d)   Abrams, Darren
    (e)   Alliance Online
    (f)   Allied Management LLC
    (g)   Alloy Data Systems, LLC
    (h)   A.P.E. Processing LLC
    (i)   Ashton Lending, LLC
    (j)   Atlantic HLDG Ltd.
    (k)   Atlantic Holding, Ltd.
    (l)   Atlantic Holdings LLC
    (m)   Atlantic Holdings Inc.
    (n)   Atlantic Stark
    (o)   Aura Development, Inc.
    (p)   Aura Investments, LLC
    (q)   Aura Investments II, LLC
    (r)   Barabanus, Jon
    (s)   Bavna Fer USA, Inc.
    (t)   BCN / Bettering Credibility Nationally
    (u)   Berkeley Development, Inc.
    (v)   Big Sky Research Bureau
    (w)   Bobalew Ventures
    (x)   Brooks, Jeffrey
    (y)   Bush Chawla Mohindra Ravani
    (z)   CAC Financial Corp.
    (aa)  Capital Select Ltd.
    (bb)  Carr, David
    (cc)  CCP Investment Fund
    (dd)  Cedar Rose Holdings Inc.
    (ee)  Cedar Rose Holdings & Development Inc.
    (ff)  Centrex L.P.

(gg) Clark Hall
(hh) Clark Hall and Mitchell LLC
(ii) Coastal Capital Connections Ltd.
(jj) Coastal Capital Processing LLC
(kk) Coconut Creek Investment, LLC
(ll) Columbia Asset Management LLC
(mm) D'Ambrose, Michael
(nn) Dana Park Estates
(oo) Darmstadler, Jon
(pp) Debt Management Partners, LLC
(qq) Debt Sales Partkers
(rr) Elim Enterprise
(ss) Elite Enterprises
(tt) Empire Business Solutions
(uu) Field Asset Service Team LLC
(vv) Foufas, Christopher
(ww) Gittman, Jacob
(xx) Global L.P.
(yy) Global Group Services
(zz) Global Processing Solutions, Inc.
(aaa) Global Services Group
(bbb) Global Solutions Group
(ccc) GMR Processing LLC
(ddd) Grigorian, Greg
(eee) Grindstone Management LLC
(fff) Guardian Companies LLC
(ggg) HAM Capital LLC
(hhh) Harbourtouch Payments, LLC
(iii) HKM Funding, Ltd.
(jjj) Hussain, Omar (a/k/a Hussein, Omar)
(kkk) Hylan Asset Management, LLC
(lll) Hylan Debt Fund, LLC
(mmm) Hylan Manager, LLC
(nnn) InoEvo
(ooo) Johnson, Triston
(ppp) JR Holdings, LLC
(qqq) Kenobi Capital
(rrr) Klemming, Dennis
(sss) LMB Restaurant Group LLC
(ttt) M&R Real Estate Development Ltd.
(uuu) M&S Associates I, Inc.
(vvv) Mainbrook Asset Partners, LLC
(www) Mainbrook Asset Partners I, LLC
(xxx) Mainbrook Capital LLC
(yyy) Mainbrook Technologies, LLC
(zzz) MD Financial, LLC

(aaaa)   MHG Properties Ltd.
(bbbb)   MHG Properties Two, Ltd.
(cccc)   Midwest Alliance Ltd.
(dddd)   Midwestern Consulting, LLC
(eeee)   Mitchell LLC
(ffff)   Mohindra Law Group IOLTA
(gggg)   Mohindra Law Group P.C.
(hhhh)   Mohindra, Renuka
(iiii)   Mosaic Business Solutions, Inc.
(jjjj)   MSLO, Ltd.
(kkkk)   NARLLC Ltd.
(llll)   National Credit Adjusters, LLC
(mmmm) National Debt Holdings, LLC
(nnnn)   National Principal Group LLC
(oooo)   Near Shore Capital LLC
(pppp)   Open Assets, LLC
(qqqq)   Opulence Capital Solutions LLC
(rrrr)   Paid Suite
(ssss)   Payment Savvy LLC
(tttt)   Phelps, Randy
(uuuu)   Priority Payout
(vvvv)   Proto Construction Corporation
(wwww) Proto Construction, P.C.
(xxxx)   Prudent Group
(yyyy)   Prudent Investment Group
(zzzz)   Pruett, Douglas Dwight
(aaaaa)  Purizhansky, Jon
(bbbbb)  Quest, Yanique
(ccccc)  Ravani, Animesh
(ddddd)  Reliance Exchange Group LLC
(eeeee)  Richardson Solutions Ltd.
(fffff)  Rolling Plains Limited
(ggggg)  Robinson, Jamal
(hhhhh)  Robinson, Michael
(iiiii)  Robinson, Randy
(jjjjj)  Robinson, Sharif
(kkkkk)  Rolling Plains LLC
(lllll)  Rolling Plains Ltd.
(mmmmm)  Said, Mubarek
(nnnnn)  Sands Recovery Group
(ooooo)  Select Resource Group
(ppppp)  Shaevel, Andrew
(qqqqq)  The Solidus Group, Inc.
(rrrrr)  SRA Processing, LLC
(sssss)  SRS-RP Ltd.
(ttttt)  Stark Associates Ltd.

{11659-001 RID A0447795.DOCX 5}

  (uuuuu) Stark Atlantic
  (vvvvv) Stark Management L.P.
  (wwwww) Stark Services Ltd.
  (xxxxx) SuitePay
  (yyyyy) TACs I LLC
  (zzzzz) Therrien, Andrew
  (aaaaaa) Trans America Customer Solutions, LLC
  (bbbbbb) Tucker, Joel
  (cccccc) U Solutions Group Inc.
  (dddddd) Uddin, Muhammad Riaz (a/k/a Udin, Muhammad Riaz aka Udin, Mohammad, aka Uddin, Mohammad)
  (eeeeee) UPG, LLC
  (ffffff) UPG Group Ltd.
  (gggggg) Versatile International Outsourcing Solutions Ltd.
  (hhhhhh) Worldwide Processing Group

3. The term "Documents" means all written, recorded, or graphic materials of every kind, from January 1, 2011, through the date of service of this subpoena, prepared by any person, that is in your possession, custody, or control. It includes, but is not limited to: transcripts, letters, telegrams, e-mail transmissions, telexes, memoranda, reports, contracts, studies, plans, calendar or diary entries, minutes, pamphlets, typed or handwritten notes, tabulations, charts, records of meetings and telephone or other conversations or communications, film, audio and video tapes, slides, and all other data compilations. The phrase "other data compilations" includes information stored in, or accessible through, computer or other information retrieval systems, together with instructions and all other material necessary to use or interpret such data compilations. The term "documents" includes all non-identical copies of any document, including copies upon which notes have been made. It also includes drafts, even if the originals are not in your possession, custody, or control.

4. The term "Communication" means any contact, oral or written, formal or informal, at any time or place, by any medium, and under any circumstances whatsoever, whereby information of any nature was shared, transmitted or transferred.

5. The terms "show, refer to, or relate to" mean to mention, list, include, involve, refer to, relate to, pertain to, contain, state, reflect, discuss, evidence, constitute, consist of, display, show, analyze, embody, record, incorporate, bear upon, touch upon, or to be in any way logically or factually connected with the referenced person, entity or subject.

6. The term "You" refers to the person or entity that is the recipient of this subpoena, and includes its present and former representatives, agents, employees, consultants, attorneys, accountants, independent contractors, corporations, affiliates, divisions, "doing business as" names, merchant names, successors and assigns, and any person or entity acting, or who acted at any relevant time, on behalf of it.

## File Transfer Instructions

All productions in response to this subpoena should conform with the following transfer instructions to the greatest extent possible.

**General**

Documents and Communications should be foldered to indicate producing party and source: top level folder named by producing party; next level folders named by category and, where applicable, individual user.

Acceptable transfer means include:

- Copying to external hard drive or USB flash drive
- Burning to CD/DVD
- Uploading to secure file-sharing site or ftp

Encryption is recommended for secure file transfer (*e.g.*, hardware-encrypted media, encryption software such as BitLocker, password-protected ZIP files). The pin or password should be sent under separate cover. In addition, for shipments by carrier, delivery confirmation is recommended.

**Category 1: Email**

Export relevant mailboxes or folders to a PST file using the email program's built-in export utility. Name the PST file by user name (*e.g.*, LASTNAME_FIRSTNAME.pst). Alternatively, copy the user's original, full PST or OST file; re-name the copy by user name or copy the original file to a new folder named by user.

**Category 2: PC and File Server Files**

Zip the relevant folder or file and move or copy the ZIP file for transfer. Preserve the original folder/file name in the name of the ZIP file (*e.g.*, ORIGINALNAME.zip). If a compression utility is not already available on the computer, one will need to be downloaded and installed prior to beginning the collection. A recommended open source (free) Windows utility program is 7-Zip (www.7-zip.org). After installation, right-click on the relevant folder/file and select the utility option to archive or compress the source folder/file.

**Category 3: Document Management System Files**

Relevant document management systems ("DMS") may include Sharepoint, Office 365, cloud-storage services such as Box.com, and other comparable file storage and management programs. Using the DMS program's built-in download or export utility, download/export the relevant folder or file to create a locally saved copy on a PC or file server. After creating the local copy, follow the instructions for "PC and File Server Files."

**Category 4: Databases**

Relevant information contained in databases should be produced in reports created using the database's built-in reporting functionality. Where supported by the reporting functionality, the report should be created in a searchable file format (*e.g.*, CSV, XLSX). For embedded or linked documents, follow the instructions for "Document Management System Files."

**Category 5: Phones**

Using the backup utility software provided by the phone manufacturer, back up the phone to a computer and move or copy the backup file for transfer. Name the backup file by user name and phone make (*e.g.*, LASTNAME_FIRSTNAME_iPhone.mddata). Where technologically feasible, the scope of the backup should be restricted to exclude non-relevant data categories such as personal photos.

**Category 6: Paper Documents**

Scan paper documents to TIF or PDF files. Alternatively, paper documents may be copied. Scanned/copied paper should be logically unitized (*i.e.*, the beginning and ending points of the electronic or paper copies should mirror the organization of the paper originals).

### Requested Documents and Communications

You are required to produce the following:

1. All Documents and Communications referring or relating to any of the Defendants. For purposes of illustration, but not limitation, the request in this paragraph no. 1 includes any Documents or Communications that:

    a. Refer or relate to any asset currently or formerly owned by the Defendants;

    b. Refer or relate to any current or former liability of the Defendants;

    c. Refer or relate to the business or financial affairs of the Defendants;

    d. Refer or relate to any financial transaction that You had with any of the Defendants, whether such transaction was completed or merely discussed, proposed or contemplated by You or any of the Defendants;

    e. Refer or relate to any transfer of funds or payments to or from any of the Defendants;

    f. Constitute identifying information about any of the Defendants, including Documents containing address(es), email address(es), telephone number(s), credit card number(s), and bank account(s) or other account information used by any of the Defendants.

2. All Documents and Communications referring or relating to any of the Related Entities. For purposes of illustration, but not limitation, the request in this paragraph no. 2 includes any Documents or Communications that:

   a. Refer or relate to any assets currently or formerly owned by the Related Entities;

   b. Refer or relate to any current or former liability of the Related Entities;

   c. Refer or relate to the business or financial affairs of the Related Entities;

   d. Refer or relate to any financial transaction that You had with any of the Related Entities, whether such transaction was completed or merely discussed, proposed or contemplated by You or any of the Related Entities;

   e. Refer or relate to any transfer of funds or payments to or from any of the Related Entities;

   f. Constitute identifying information about any of the Related Entities, including Documents containing address(es), email address(es), telephone number(s), credit card number(s), and bank account(s) or other account information used by any of the Related Entities.

3. All Documents and Communications referring or relating to any completed or merely discussed, proposed or contemplated financial transaction between any Defendant and any Related Entity.

4. All Documents and Communications referring or relating to any transfer of funds between or among any Defendants and any Related Entity.

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | |
|---|---|
| Federal Trade Commission and the State of Illinois, ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 16-cv-3463 |
| Stark Law, LLC, et al. ) | |
| ) | (If the action is pending in another district, state where: ) |
| *Defendant* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Hylan Asset Management, LLC, 5477 Main Street, Amherst, NY 14221

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: SEE ATTACHED RIDER.

| Place: David R. Doyle, c/o the UPS Store, 5651 Main St., Williamsville, NY 14221 | Date and Time: 10/16/2016 4:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: ___10/11/2016___

                    *CLERK OF COURT*
                                                    OR
                                                        /s/ David R. Doyle
    _____              _____
    *Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Gregg Szilagyi, solely in his capacity as Court-appointed Receiver in above-referenced action , who issues or requests this subpoena, are:
David R. Doyle, Shaw Fishman Glantz & Towbin LLC, 321 North Clark Street, Suite 800, Chicago, IL 60654, ddoyle@shawfishman.com, 312-980-3864

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 16-cv-3463

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* Hylan Asset Management, LLC
was received by me on *(date)* 10/11/2016 .

☑ I served the subpoena by delivering a copy to the named person as follows: via certified U.S. mail
Hylan Asset Management, LLC, 5477 Main Street, Amherst, NY 14221
on *(date)* 10/11/2016 ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 10/11/2016

/s/ David R. Doyle
*Server's signature*

David R. Doyle, Attorney
*Printed name and title*

Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60654
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SUBPOENA RIDER

### Definitions

1. The term "Defendants" means the defendants in *Federal Trade Commission and State of Illinois v. Stark Law, LLC, et al.*, Case No. 1:16-cv-3463 (N.D. Ill. Mar. 23, 2016), namely, Stark Law, LLC, also doing business as Stark Recovery; Stark Legal, LLC; Ashton Asset Management, Inc.; CHM Capital Group, LLC, also doing business as Capital Harris Miller & Associates; HKM Funding, Ltd.; Pacific Capital Holdings, Inc., formerly known as Charles Hunter Miller & Associates, Inc., and also doing business as Pacific Capital; Hirsh Mohindra; Gaurav Mohindra; and Preetesh Patel, and each of them.

2. The term "Related Entities" means any of the following persons or entities, but excludes the person or entity who is the recipient of this subpoena:

    (a) 10D Holdings, Inc.
    (b) 4 Sum, Inc.
    (c) 6p, LLC
    (d) Abrams, Darren
    (e) Alliance Online
    (f) Allied Management LLC
    (g) Alloy Data Systems, LLC
    (h) A.P.E. Processing LLC
    (i) Ashton Lending, LLC
    (j) Atlantic HLDG Ltd.
    (k) Atlantic Holding, Ltd.
    (l) Atlantic Holdings LLC
    (m) Atlantic Holdings Inc.
    (n) Atlantic Stark
    (o) Aura Development, Inc.
    (p) Aura Investments, LLC
    (q) Aura Investments II, LLC
    (r) Barabanus, Jon
    (s) Bavna Fer USA, Inc.
    (t) BCN / Bettering Credibility Nationally
    (u) Berkeley Development, Inc.
    (v) Big Sky Research Bureau
    (w) Bobalew Ventures
    (x) Brooks, Jeffrey
    (y) Bush Chawla Mohindra Ravani
    (z) CAC Financial Corp.
    (aa) Capital Select Ltd.
    (bb) Carr, David
    (cc) CCP Investment Fund
    (dd) Cedar Rose Holdings Inc.
    (ee) Cedar Rose Holdings & Development Inc.
    (ff) Centrex L.P.

(gg) Clark Hall
(hh) Clark Hall and Mitchell LLC
(ii) Coastal Capital Connections Ltd.
(jj) Coastal Capital Processing LLC
(kk) Coconut Creek Investment, LLC
(ll) Columbia Asset Management LLC
(mm) D'Ambrose, Michael
(nn) Dana Park Estates
(oo) Darmstadler, Jon
(pp) Debt Management Partners, LLC
(qq) Debt Sales Partkers
(rr) Elim Enterprise
(ss) Elite Enterprises
(tt) Empire Business Solutions
(uu) Field Asset Service Team LLC
(vv) Foufas, Christopher
(ww) Gittman, Jacob
(xx) Global L.P.
(yy) Global Group Services
(zz) Global Processing Solutions, Inc.
(aaa) Global Services Group
(bbb) Global Solutions Group
(ccc) GMR Processing LLC
(ddd) Grigorian, Greg
(eee) Grindstone Management LLC
(fff) Guardian Companies LLC
(ggg) HAM Capital LLC
(hhh) Harbourtouch Payments, LLC
(iii) HKM Funding, Ltd.
(jjj) Hussain, Omar (a/k/a Hussein, Omar)
(kkk) Hylan Asset Management, LLC
(lll) Hylan Debt Fund, LLC
(mmm) Hylan Manager, LLC
(nnn) InoEvo
(ooo) Johnson, Triston
(ppp) JR Holdings, LLC
(qqq) Kenobi Capital
(rrr) Klemming, Dennis
(sss) LMB Restaurant Group LLC
(ttt) M&R Real Estate Development Ltd.
(uuu) M&S Associates I, Inc.
(vvv) Mainbrook Asset Partners, LLC
(www) Mainbrook Asset Partners I, LLC
(xxx) Mainbrook Capital LLC
(yyy) Mainbrook Technologies, LLC
(zzz) MD Financial, LLC